## DREXEL'S APPEAL.

An actual, but irregular judgment entered on the records of a court without authority, can only be reversed on a writ of error, or set aside in the court below, on motion; but only at the instance of the defendant.

A stranger, or third party, has a right to interfere with a judgment, only where it is collusive.

July 19. This was an appeal by F. M. Drexel, from the decree of the Court of Common Pleas of Bradford county, confirming the report of the auditor appointed to appropriate the money raised by a judicial sale of the real estate of the Towanda Bank.

The only question raised in this case was, as to the validity of a judgment entered in the following form:

"Whereas, L. S. Ellsworth, Wm. H. Overton, John F. Means, Peter C. Ward, and Lockwood Smith, at my solicitation, gave their obligations, and became liable by endorsement, for the benefit of the Towanda Bank, in settling and adjusting the accounts and business in Philadelphia, (under a resolution of the Board of Directors,) as follows, to wit:

"A note at sixty days, payable to the order of C. L. Ward, president, at the Bank of Pennsylvania, for four thousand four hundred dollars, dated on or about the 14th December, 1841, which

was for a balance of account due the Bank of Pennsylvania from the Towanda Bank. Also, a note at ninety days; dated December 14, 1841, to the order of C. L. Ward, president, payable at the Bank of Penn Township, for thirteen thousand and ten $\frac{96}{100}$ dollars, with interest, which note was delivered by me to E. W. Clark, for the amount of notes, certificates, and drafts of the Towanda Bank, which had been redeemed by him and claimed of the Bank. Also, a note for eight thousand dollars, dated December 14, 1841, payable at the Bank of Penn Township in ninety days, which note was delivered to Jacob Ridgway, in payment for a loan made by J. G. Boyd, for Towanda Bank, and secured by a collateral deposit of eighteen thousand dollars of the notes of the bank. Also, the said L. S. Ellsworth and others, aforesaid, endorsed the acceptance of Peter Dickinson, of Baltimore, for six thousand dollars, at sixty days from November 21, 1841, which was discounted at the Bank of Penn Township, and the proceeds placed to the credit of the Towanda Bank, in account.

"And whereas, all these notes and liabilities were entirely for the benefit of the bank, and in no respect whatever for the private and individual benefit of the drawers and endorsers aforesaid, whom I agreed to secure and indemnify on the part of the Towanda Bank: Now, for and in consideration of the premises, in behalf of the bank, and as president of the same, I do hereby confess judgment to David F. Barstow, for the sum of ten thousand dollars, and costs of suit, a release of all errors, with waiver of inquest, and without stay of execution. Which judgment is to be held and collected by him, for the benefit and to indemnify the aforesaid L. S. Ellsworth, Lockwood Smith, Wm. H. Overton, Peter C. Ward, and John F. Means.

"Witness my hand, this January 24th, 1842.
(Signed,) "C. L. WARD, president."

"I acknowledge and accept the above recited trust, under all and singular the conditions, and according to the true intent thereof.
"January 24th, 1842. (Signed,) D. F. BARSTOW."

*In the Court of Common Pleas of Bradford County.*

David Barstow  
  *v.*  
The Towanda Bank.
} Enter amicable action in debt, on the annexed instrument in writing, bearing date the 24th Jan. 1842, for ten thousand dollars.

(Signed,) OVERTON & ADAMS, plaintiff's attorneys.
C. L. WARD, president Towanda Bank.

"I, Christopher L. Ward, president of the Bank of Towanda,

hereby appear and confess judgment against the said Towanda Bank, for the above sum of ten thousand dollars and costs of suit, in the aforesaid action, with release of all errors, a waiver of inquest on real estate, and without stay of execution.

(Signed,)          " C. L. WARD, president Towanda Bank.
" To David Cash, prothonotary.          Filed 24          1842."

The docket entry is as follows:

David F. Barstow          *February Term*, 1842. Amicable action
v.          in debt, on an instrument in writing, filed
The Towanda Bank.          January 24, 1842, for the sum of ten thou-
                          sand dollars.  And by virtue of a confes-
Debt,          $10,000          sion in said instrument contained, judgment
Int. Jan. 24, 1842.
Prot. tax, paid,          1 12½          is hereby entered in favour of the plaintiff
Attorney,          3 00          for the aforesaid sum of ten thousand dol-
lars, with costs of suit.  Inquisition waived.

"Agreement of trust filed November 18, 1843, under seal, signed by plaintiff, dated 20th September, 1843, to wit: That the above judgment is held in trust for the use of John J. Ridgway, as collateral security for the payment of five certain bonds of $1000 each, made by L. S. Ellsworth, C. L. Ward, Wm. H. Overton, Lockwood Smith, J. F. Means, and P. C. Ward, September 1, 1843, payable 1st September, 1844, 1845, 1846, 1847, 1848, with interest, &c."

H. Morgan and S. S. Bailey, two of the directors of the Towanda Bank, testified at a meeting, at which eight of the thirteen directors were present and concurring, it was agreed that the president of the bank should appear and confess a judgment to D. F. Barstow, in trust to indemnify the individuals referred to in the paper upon which the judgment was entered.  Bailey stated that the resolution was in writing, and unanimously agreed to by the board; although it did not appear to have been entered on the minute-book of the bank.  The resolution was not attested by the corporate seal; the meeting at which it was passed, was held on the same day upon which the judgment was entered.  No objection was ever made at any subsequent period, on the part of the bank, or any one interested therein, to the justice of the indemnity; nor any attempt, at any time, to open or set aside the judgment.  It appeared, also, that at a meeting of another board of directors, held in 1843, still further security was given to the several persons named in the preamble to the confession of judgment, and on the same account.

The validity of this judgment was contested by F. M. Drexel, the appellant, in a judgment against the Towanda Bank, entered

June 27, 1843, on an award of arbitrators. The auditors appointed to distribute the moneys made on a sale of real estate of the bank, gave it to the judgment of Barstow; and the court below decreed accordingly. F. M. Drexel thereupon appealed, and assigned the decree of the court below for error here.

*Mercur* and *Elwell*, for appellant.—A corporation is a creature of the statute that creates it, and it can do nothing except what is expressly authorized by its charter, by the act which creates it, or what is deemed necessarily incident to a corporation: 1 Peters' Cond. Rep. 371, and notes on 376; Dawes *v.* The North River Insurance Company, 7 Cowen's Rep. 462.

A corporation must sue and defend by attorney: 1 Chitty's Plead. 530; Bushel et al. *v.* The Commonwealth Insurance Company, 15 Serg. & Rawle, 184. It cannot be bound in recognisance or statute merchant: 2 Bac. Abr. 448, (Bouvier's ed.) A dean without the chapter, &c., cannot purchase or grant or make any contract that will bind the corporation: Ibid. 448. It may employ agents without deed, but not to *appear* for it in an assize, or any other act which concerns their interest or title: Ibid. 453.

Officers of banks are restricted in their authority to bind the corporation by the powers vested in them by their office, and such modes as result from the nature of their duties: Wyman *v.* Hallowell and Augusta Bank, 14 Mass. 62.

Any extraordinary authority to an agent or officer should be evidenced by a *written* vote of the directors: 5 Peters' Cond. Rep. 465.

A president cannot borrow money in the name of the corporation, unless authorized by its charter, or by a by-law: Ridgway *v.* The Farmers' Bank of Bucks County, 12 Serg. & Rawle, 263, 264.

No part of a judgment can rest in parol: Zimmerman *v.* Briggans, 5 Watts, 186. It is the duty of the plaintiff to see that his judgment is rightly entered. The omission of a middle letter in the name of the defendant is fatal: Wood *v.* Reynolds, 7 Watts & Serg. 406; Black *v.* Dobson, 11 Serg. & Rawle, 94; Act of Incorporation of Towanda Bank, (Pamph. Laws, 1833, 1834, p. 391.) The affairs of each bank shall be conducted by thirteen directors: Act of 25th March, 1824, (Dunlop's Laws of Penna. p. 363.)

The president, then, had no power to confess judgment, and the judgment purporting to have been by him confessed, as president,

was absolutely void, and the court below erred in decreeing the money to said judgment.

*Overton* and *Ward*, contrà, denied the right to test the validity of the judgment in question, in a collateral inquiry, such as that before the auditor; it should have been done, if at all, by a motion in the proper court, to set aside the judgment, when the benefit of an issue would have been afforded to the parties. They also affirmed the right of the president of the bank to bind the corporation in a judgment, although the authority given him by the board of directors wanted its common seal. That the ancient technical rule of the common law, that a corporation could only speak and act by its common seal, had been greatly relaxed, even in England; and in this country it is nearly obliterated, as will be apparent in examining 7 Cranch, 299; 8 Wheat. 338; 9 Wheat. 738; 12 Wheat. 64; and 2 Kent's Com. 290. They also contended that the individuals interested in this judgment, though members of the board at the time of its entry, are in this transaction to be regarded as strangers acting adversely to the interest of the institution, in exacting security from it: 1 Watts, 387. To support the objection to inquiring into the validity of the judgment collaterally, they cited 4 Johns. Chan. Rep. 373; 8 Watts & Serg. 390. The directors had a right thus to indemnify and prefer *bona fide* creditors: 5 Watts & Serg. 223.

PER CURIAM.—The ruling principle of this case was determined in Hauer's Appeal, 5 Watts and Serg. 473, in which a judgment, entered in the District Court of Lancaster, but on a warrant to confess judgment only in the Common Pleas, was sustained by this court, as an actual, though an irregular judgment; for the reason that, as the defendant did not interfere to abate it, no one else could. The court below had created it, and set aside the execution on it, at the instance of subsequent creditors, but the money was decreed in this court to the plaintiff. The difference between that case and this is, that the subject in contest was the produce of chattels in the one instance, and that it is the produce of land· in the other; but the foundation of the lien in each was an actual, but irregular judgment, put upon the records of the court without authority. In this case, as in that, it might have been reversed on a writ of error, or set aside in the court below, on motion, but only at the instance of the defendant; never at the instance of a stranger. As long as the party injured by the irregularity submits

to it, no one else can complain; for a third party has a right to interfere with a judgment only when it is collusive. The subject has been exhausted by previous discussion, but the principle of the case cited is too firmly established to be again shaken.

Decree affirmed.