## Clawson *versus* Eichbaum.

1. In a contest between a judgment and a conveyance, fractions of a day are admitted; and the rule is, *first in order first in right.*

2. A judgment is a security which incumbers the property, in exclusion of everything subsequent to it. A conveyance excludes everything to which it is antecedent.

3. As between creditors, a mortgage is to be considered only as an incumbrance; and until recorded, not even that, unless given for purchase-money.

4. A mortgage, although in form a conveyance, is in substance but a security for the payment of money, and conveys upon the mortgagee only a lien upon the land, which may be defeated by payment of the money, at any time before sale.

5. In a contest between a judgment and a mortgage, evidence of the time of day on which the judgment was entered, should be rejected.

6. A judgment and mortgage entered on the same day, are entitled to equality of distribution.

7. In the absence of proof of actual recognition, by those who are to be benefited by a judgment, the law presumes their assent, on account of the benefit to be derived from it.

8. When a judgment is confessed, and notice is given to those for whose benefit it was entered, they may elect to take under it, or look to other means to enforce their demands.

9. It is only in a clear case, and where it is necessary to prevent manifest injustice, that the effect of a record should be changed or varied by parol.

[Clawson *v.* Eichbaum.]

ERROR to the Court of Common Pleas of *Westmoreland county*.

The facts of the case are fully stated in the opinion of the court, delivered December 16, 1853, by

KNOX, J.—This is an appeal from the decree of the Court of Common Pleas of Westmoreland county, distributing a fund raised from the real estate of James R. Speer, by sheriff's sale.

Eichbaum, the appellee, claimed under the *lien* of a *mortgage*, dated July 5, 1848, and recorded, as appears by the record, on the 6th of December, A. D. 1848, at 8 o'clock, P. M.

The appellants claim by virtue of a judgment in favor of John Herron for their use, against James R. Speer & Co., entered of record on the 6th of December, 1848.

The mortgage and judgment appear to have been entered upon the same day, but each claims priority. Eichbaum alleges and proves that at the time the judgment was given to Herron, as trustee, it was agreed between himself and Doctor Speer, that his mortgage should be entered of record, so as to have priority of lien over the judgment, and that such were the instructions to the agent who was sent to Greensburg to carry out the arrangement.

· The appellants contend that this agreement, being a secret one, does not bind them; and as their judgment was first actually placed upon the records, it has priority of lien.

It is stated by the court below, in its opinion, that the judgment was given to the prothonotary between 7 and 8 o'clock, P. M., on the 6th of December, and that the mortgage was handed to the recorder about 8 o'clock the same evening, at a public house, the office being closed; and that it was entered the next morning, as if left for record, on the 6th, at 8 o'clock, P. M.

The Act of the 28th of March, A. D. 1820, makes it the duty of the recorder to endorse the time when a mortgage is left for record, and the lien then commences. It cannot be permitted that the record made by the officer, in pursuance of the directions of the statute, shall be contradicted by the parol evidence of the recorder, or other person, in a contest between lien creditors, unless for reasons which do not exist here.

Determining from the record as it stands, what would be the result?

Both liens were created upon the same day. Are fractions to be counted? As between judgments, it is the well established rule, that those that are entered upon the same day have equality of right. *Metzler* v. *Kilgore*, 3 Pa. R. 245. In a contest between a judgment and a conveyance, fractions are admitted, and first in order first in right, is the rule. This is because a conveyance takes effect from its delivery, which is provable by evidence *in pais*, and because it would be impossible to put a

[Clawson *v.* Eichbaum.]

judgment and a conveyance upon a footing of equality. "The one is a security which incumbers the property in exclusion of everything subsequent to it; the other, a conveyance excluding everything to which it is antecedent." *Mechanics Bank* v. *Gorman,* 8 W. & S. 307.

Is a mortgage, as between creditors, to be considered as a conveyance or an incumbrance? In such a contest, in my opinion, it is nothing but an incumbrance, and until recorded, unless given for purchase-money, not even that. The delivery, although giving life to the instrument between the parties, has no effect upon lien creditors, and even when delivered and recorded, though in form a conveyance, is in substance but a security for the payment of money, (*Rickert* v. *Maderia,* 1 Rawle, 327,) and confers upon the mortgage nothing more than a lien upon the land, which may be defeated by payment of the money loaned, at any time before the sale made by the sheriff, in pursuance of our act of Assembly giving a remedy to the creditors. *Asay* v. *Hoover,* 5 Barr, 21.

The precise time when a mortgage is left for record is noted, in order to determine the priority between mortgages, but as no such minute is made upon the entry of a judgment, if fractions of a day are to be considered in ascertaining which is first in lien, parol evidence must necessarily be resorted to, and the value of the incumbrance will then depend upon the lives, accuracy, and truthfulness of witnesses, instead of the certain, safe, and reliable record open to the inspection of every person interested, and which tells the same story at all times, and under all circumstances.

I can see no reason why the same principle, which rejects fractions of a day in determining the lien of a judgment, should not be applied to a mortgage, when its contestant is a judgment. Under this rule, the evidence that the judgment was entered before 8 o'clock, P. M., on the 6th of December, was immaterial, and should have been rejected.

If the date of the record of the mortgage could not be contradicted by parol, and fractions of the day are to be rejected, the judgment and mortgage would thus far be entitled to equality of distribution, and there only remains to be considered the effect of the agreement between Speer and Eichbaum, and the instruction to the agent that the mortgage should be preferred.

That this agreement was made, and these instructions given, cannot be contradicted, and if they can be interposed here, will prove decisive of the contest.

Neither Herron, nor those represented by him, had any agency in, or knowledge of, the agreement, that the judgment should be postponed in its lien to that of the mortgage: Nor is it clear, that they knew that any judgment was given until some time

afterwards. In the absence of proof of actual recognition, by those who were to be benefited by the judgment, the law would presume their assent on account of the benefit to be derived. This presumption would be overthrown, or made conclusive, by the subsequent adoption or rejection by the persons for whose claims the judgment was confessed. When notice was given that the judgment was for their use, they could elect to take under it, or look to other means to enforce their demands. They chose the former, and now claim that what was apparently beneficial, shall not be rendered entirely worthless, by the intervention of an agreement resting in parol, and of which they had no notice until more than two years had elapsed from the entry of the judgment, and the property real and personal, had been sold by the sheriff, and purchased by the appellee. The argument on behalf of the mortgage creditor is, that, in making this agreement, Mr. Speer was acting for the owners of the judgment, and that young Mr. Speer was the common agent of all, in procuring the entry of the judgment, and the recording of the mortgage, and that the appellants cannot adopt that part of the arrangement which was for their benefit, and reject what would be prejudicial. That the rule of entire adoption applies, and as they claim the benefit of the judgment, they are bound by the agreement to postpone its lien in favor of the mortgage.

Admitting the correctness of the appellee ; as a general rule, I am for refusing its applicability in the present case, upon the ground that his acquiescence in the state of the record, for such a length of time, precludes him from denying its correctness.

The record showed that the mortgage and judgment were both entered upon the same day, and were therefore entitled to be paid *pro rata*, from the proceeds of the real estate. This was notice to all of the parties. Eichbaum knew that it was not in accordance with the understanding between him and Speer. The appellants knew nothing of the kind. They doubtless believed that all was as it appeared to be. They had no reason for supposing that Herron would make a pretence of securing them for their labor, by giving them a judgment upon an estate already incumbered nearly, if not quite, to its full value. They were misled by the assurance of Herron, that they were secure, but more particularly by the state of the record, and it was clearly the duty of the appellee to have moved early in the premises, if he intended to rely upon the agreement, for the purpose of reforming the record. I do not believe that Mr. Eichbaum desired to injure these meritorious creditors, by withholding the truth from them, but his conduct would have that effect, if we permit his mortgage to take precedence of the judgment, and sweep away the entire fund.

If early application had been made to the court, to prohibit

[Clawson *v.* Eichbaum.]

or restrain the lien of the judgment from interfering with that of the mortgage, or if notice had been given in any other manner that priority was claimed for the mortgage, judging from the ordinary actions of men, it is fair to conclude that the laborers and creditors about the furnace, would have taken the most effective means to secure their demands.   Surely, if they had known that their judgment was " as a rope of sand" in its lien upon the realty, they would not have suffered the personal property about the furnace to be sold at a price greatly below its value, and purchased by the attorney of Eichbaum, when it was selling upon an execution issued upon their own judgment, and which was the first lien upon the personal property.

It is only in a clear case, and when it is necessary to prevent manifest injustice, that the effect of a record should be changed or waived by parol.  Such is not this case, and I am for deciding it upon the record as it stands, and in doing it we shall avoid what equity abhors, inequality.

The decree of the court below is reversed, and it is decreed by this court, that the fund be distributed as follows :—

1. To the judgment of *John Mohrs* v. *Jas. R. Speer & Co.*, entered 9th November, 1848, amount of debt, interest, and costs, or so much as remains unpaid thereof.

2. To the costs of this issue and appeal.

3. The remainder of the fund to be divided *pro rata*, between the mortgage of Mr. Eichbaum, dated July 5, 1848, and recorded December 6, 1848, and the judgment, No. 115, November Term, 1848, *John Herron, for use of James Clawson et al.* v. *James R. Speer & Co.*, entered December 6, 1848.

And it is directed that the record be remitted to the court below, to be proceeded in according to law.

Lewis and Lowrie, J. J., dissented, and Mr. Justice Lewis delivered the following opinion.

Lewis, J., dissenting.—As the appellants do not claim their position as judgment-creditors, by reason of their own exertions, or vigilance, but stand altogether upon the consent of their debtors, it is a material circumstance, which takes away the foundation of their claim to priority over Eichbaum, that no consent or arrangment was ever given or made by their debtors for any such purpose.   The seeming priority which they have gained, was directly contrary to the agreement with Eichbaum, at the time the warrants of attorney were made out, and in violation of the instructions given to James Speer, when all the securities were delivered to him to be entered of record.   Under such circumstances, the judgment-creditors have no better right to priority over Eichbaum, than if their judgments were entered

[Borough of Sewickley.]

without any authority whatever. In that case, they would be stricken off on a rule to show cause. In this case, as Eichbaum's rights only require that their liens shall be restricted, according to the agreement under which they were entered, so as not to interfere with the lien of his mortgage upon the premises described in it, that result may be produced in this proceeding, without otherwise disturbing the judgments.

Partners have a right to appropriate their separate estates to the payment of separate creditors, and where an agreement has been made for the purpose, and instruments executed and ordered to be entered, in such order as to produce that effect, it is against equity for the partnership creditors to take advantage of a mistake of the agent entrusted with the business of entering the securities, and thereby to exclude the separate creditors from payment out of the separate estates of the partners. Where such agent is one of the partnership debtors, whose interests in the assets of the firm would be relieved, by throwing the partnership debts upon the individual property of his co-partner, and where the instructions not to do so are *positive, explicit,* and *in writing,* his violation of them is an outrage upon the rights of his co-partner, and his separate creditors, which resembles *fraud* more than *mistake.* A creditor who receives a judgment by confession for a debt antecedently due, is not entitled to stand on the footing of a purchaser of a legal estate for value, without notice. On the contrary, such creditor is affected by the fraud or mistake of those who procured the judgment for him, and it matters not whose agents they were called. The creditor cannot claim the benefit of their proceedings in his favor, without being affected by their frauds or mistakes, while thus engaged in his behalf.

For these reasons I am compelled to dissent from the judgment just pronounced; my brother, Lowrie, concurs with me in this dissent.