[Bannan v. Rathbone.]

## Bannan versus Rathbone.

1. When the record of a magistrate has supplied one transcript for the purpose of a lien, and by its entry a lien has been obtained, the magistrate's record has spent its force in that direction.

2. An execution from a justice's docket upon a judgment more than five years old, without a previous warning by scire facias, is irregular.

ERROR to the Court of Common Pleas of *Tioga County*.

In this case a judgment was obtained by Clarendon Rathbone, the defendant in error, against Patrick Bannan, the plaintiff in error, on the 5th day of Nov. A. D. 1849, before Francis Welch, Esq., a justice of the peace of the county, for the sum of $32 25; and a transcript of the same was entered in the Common Pleas of said county, on the 9th of the same month. On the 26th of April, 1854, another transcript of the same judgment was filed in the same court. Nothing further was done in the suit (except that an execution was issued by the justice, and a return upon it of "no goods,") until the 20th day of July, 1857, a period of nearly eight years from the time the judgment was obtained, when the plaintiff in the judgment issued an execution and levied on real estate.

A rule was obtained to show cause why this last mentioned judgment and subsequent proceedings should not be set aside, on the grounds that there could not be two judgments on the same claim; that the lien of the first transcript had expired, and that no execution could issue on a judgment obtained before a justice of the peace, after five years from the time of its rendition, without a revival. On the hearing the court discharged the rule; and this is assigned for error.

*Lowrey* and *Wilson*, for plaintiff in error.

The opinion of the court was delivered May 20th, 1858, by

PORTER, J.—The entry of judgment on the last transcript and the process which it supported were irregular. When the record of a magistrate has supplied one transcript for a lien, and by its entry a lien has been obtained, the magistrate's record has spent its force in that direction. If a duplicate transcript could be filed, every day in the year might bring a new entry of judgment, and the defendant be rendered liable for the costs of each entry and its process. The principle which prevents a plaintiff from having separate and distinct judgments at the same time in full life for the same debt would be violated, the public records uselessly overburdened, and the act respecting the continuance of the lien of judgments evaded.

The second transcript, therefore, secured no lien whatever. It was merely a certificate of a return of no goods, and it should have been docketed under the head of the first judgment, and treated in all respects as such a certificate. *Arnold* v. *Gorr*, 1 R. 223. The execution should have recited the first judgment, and that only. But in another respect it was irregular. The judgment was then nearly eight years old, and the law as it now stands prohibits an execution on any judgment after the lapse of five years, unless the defendant shall have been warned by scire facias. Purdon, 330–1079.

Order reversed, and record remitted, with direction to set aside the execution, to strike off the judgment entered on the 26th day of April, 1854, and to enter the transcript filed on that day under the record of the judgment entered on the 9th day of November, 1849.