Thomas G. Sherrard's Executors *v.* Joseph Johnston and
Thomas R. Torrence. Appeal of Gertrude O. Tor-
rence.

*Judgments—After-acquired real estate—Lien—Execution.*

Where neither of two judgments is a lien on land which is after acquired,
the first levy of an execution has the first grasp on the fund raised by the
sale of the land. If the first levy be made upon the junior judgment, it
will have priority if the defendant make no objection, although such judg-
ment is more than five years old, and no scire facias has been issued thereon.

An execution on a judgment more than five years old, without prelimi-
nary scire facias, is not void, but merely irregular. Only the debtor can
take advantage of the irregularity; another judgment creditor will not be
heard.

Argued May 9, 1899. Appeal, No. 11, Jan. T., 1899, by
Gertrude O. Torrence, from order of C. P. Fayette Co., March
T., 1898, No. 93, dismissing exceptions to auditor's report. Be-
fore STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and
DEAN, JJ. Reversed.

Exceptions to report of auditor.

R. W. Dawson, Esq., the auditor, reported the facts to be as
follows:

1. Catherine M. Banning died on November 23, 1897, at New
Haven, Fayette county, Pennsylvania, intestate, leaving to sur-
vive her, a husband, Anthony R. Banning, and two sons, Thomas
R. Torrence and George A. Torrence, and the representatives
of a deceased daughter, and seized in fee of certain lands in
Fayette county.

2. On said November 23, 1897, there were three judgments shown by the records of the court of common pleas of Fayette county, against Thomas R. Torrence, as follows:

| | |
|---|---|
| " Amanda Morton vs. Thomas R. Torrence et al. | No. 137, Sept. Term, 1876. Debt, $1,679.69. Int. from Aug. 12, 1876. Date of Judgment, Aug. 12, 1876. |
| " Catherine M. Banning vs. Thomas R. Torrence. | No. 156, June Term, 1885. Debt, $61,688.45. Int. from July 20, 1888. Date of Judgment, July 20, 1888. |
| " Sherrard's Executors vs. Joseph Johnston and Thos. R. Torrence. | No. 479, March Term, 1894. Debt, $2,614.21. Int. from October 4, 1894. Date of Judgment, October 4, 1894." |

3. On November 24, 1897, fi. fas. were issued on said judgments as follows: On No. 156, June term, 1885, to No. 126, December term, 1897, E. D., which was delivered to the sheriff at 9 A. M.; on No. 137, September term, 1876, to No. 127, December term, E. D., which was delivered to the sheriff at 5:05 P. M.; on No. 479, March term, 1894, to No. 129, December term, 1897, E. D., which was delivered to the sheriff at 8:30 P. M.

4. On the Banning writ, No. 126, December term, 1897, E. D., the sheriff made a levy on the real estate of Thomas R. Torrence at 7:30 P. M., November 24, 1897, which levy was made by him in his office upon a memorandum furnished him by the plaintiff's attorney of the real estate of the said Thomas R. Torrence; later that same day, after all three of said fi. fas. were in the sheriff's hands, he sent a deputy to New Haven, about twelve miles from Uniontown, and where the real estate of the said Thomas R. Torrence is situated, and on the morning of November 25, 1897, the deputy with all three of said fi. fas. in his hands went upon the said real estate and made an actual levy upon the same.   To the Morton writ, No. 127, December

term, 1897, E. D., the sheriff returned as follows : " Levied on certain real estate, levy hereto attached, as of Nov. 24, 1897, filed in these cases. And after due legal notice of time and place of holding inquisition, inquisition held December 4, 1897, which is hereto attached on Nos. 127 and 129, December term, 1897, E. D. So answers F. S. Chalfant, sheriff." On the back of the description of the real estate attached to this writ is the following : " Levied on the within real estate Nov. 24, 1897, 5:05 P. M. sheriff."

To the Sherrard writ, No. 129, December term, 1897, E. D., the sheriff returned the following : " See return of Nos. 127 and 129, December term, 1897, E. D., for levy and return. So answers F. S. Chalfant, sheriff."

5. Sherrard's executors issued a venditioni exponas to No. 93, March term, 1898, E. D., for the sale of the said real estate so levied upon on fi. fa. No. 129, December term, 1897, E. D., and on March 5, 1898, the sheriff of Fayette county sold the interest of Thomas R. Torrence therein and made returns as follows :

" Levied on certain real estate as per levy within the writ and after due legal notice of time and place of sale by advertising in the New Standard and Connellsville Courier for three successive weeks and by posting numerous handbills, I did on March 5, 1898, at the court house in Uniontown sell all the said real estate, except lots Nos. 103, 104, 105 and 231, for the sum of $18,560.00 to Gertrude O. Torrence and have received from said Gertrude O. Torrence on account of said purchase money the sum of seventeen hundred and fifty-five dollars and she has failed to pay the balance of said purchase money. To Frank Curtis I sold lots Nos. 103, 104 and 105 for the sum of $240.00, and have received on the account of the said purchase $24.00, and he has failed to pay the balance of purchase money. To John Work I sold lot 231 for the sum of $56.00, and I have received from him the purchase money in full for said lot. That said purchasers were the highest and best bidders and those the highest and best prices bidden for the same, that I have applied to all costs on this writ the sum of $418.88, that I have in my hands for distribution $1,416.12. So answers F. S. Chalfant, sheriff."

| " Thomas G. Sherrard's Executors vs. Joseph Johnston and Thos. R. Torrence. | In the Court of Common Pleas of Fayette County, Pennsylvania. Vend. Ex. No. 93, March Term, 1898. |
|---|---|

" ADDITIONAL RETURN TO ABOVE WRIT OF EXECUTION.

" To the Court of Common Pleas of Fayette County, Pa.:

" I, Frederic S. Chalfant, High Sheriff of said county, do further certify and return to above writ, that since the return to said writ was made, the purchaser Gertrude O. Torrence of the real estate sold under said writ as set forth in former return, has paid to me the additional sum of $5245.00 of said purchase money, making in all $7000.00 which said purchaser Gertrude O. Torrence has actually paid and I have taken the receipt of said Gertrude O. Torrence for the balance of the purchase money, viz: for the sum of $11560.00 on account of judgment revived at No. 417, December term, 1897, in the court of common pleas of Fayette county, Pa., of Catherine M. Banning now for the use of Gertrude O. Torrence vs. Thomas R. Torrence et al., which said sum of $11560.00 is applied to said judgment at No. 417, December term, 1897, and I have now in my hands for distribution the total sum of $6661.12.   So answers this 16th day of May, 1898, Frederic S. Chalfant, High Sheriff."

| " Thomas G. Sherrard's Executors vs. Joseph Johnston and Thos. R. Torrence. | In the Court of Common Pleas of Fayette County, Pennsylvania. Vend. Ex. No. 93, March Term, 1898. |
|---|---|

" ADDITIONAL RETURN TO ABOVE WRIT OF EXECUTION.

" I, Frederic S. Chalfant, High Sheriff of said county, do further certify and return to the said writ, that since the return to the said writ was made the purchaser of lots Nos. 103, 104 and 105, Frank Curtis, has paid to me the balance of purchase money, to wit: $216.00, which sum I have applied to judgment No. 417, December term, 1897, court of common pleas of Fayette county, Pa.   So answers, Fred. S. Chalfant, Sheriff.

" I accept notice of this return and agree that a deed shall be delivered to Frank Curtis in accordance therewith. Edward Campbell, Attorney for Gertrude O. and Thomas R. Torrence."

6. By an agreement of the execution creditors, being all the parties in interest, dated June 7, 1898, it was agreed that the court should appoint an auditor to make distribution of proceeds of sale notwithstanding the same had not been paid into court.

7. The real estate so levied on and sold by the sheriff as the property of Thomas R. Torrence was his undivided one-third interest in certain real estate which he inherited from his mother, Catherine M. Banning, on November 23, 1897.

8. The levy of the sheriff on the Banning, Morton and Sherrard writs was indexed in the prothonotary's office of Fayette county on the judgment index on November 24, 1897.

9. Upon the said judgment No. 156, June term, 1885, Catherine M. Banning for use of Gertrude O. Torrence v. Thomas R. Torrence, a scire facias was issued to No. 416, September term, 1897, on which judgment by confession was entered on November 26, 1897, for $94,990.15 against the defendant.

Upon said judgment, No. 137, September term, 1876, Amanda Morton v. Thomas R. Torrence et al., a scire facias was issued to No. 427, December term, 1897, on which judgment was entered on January 8, 1898, for $3,122.94 against the defendant, Thomas R. Torrence.

Upon said judgment No. 479, March term, 1894, Sherrard's Executors v. Thomas R. Torrence et al., a scire facias was issued to No. 419, December term, 1897, on which judgment was rendered on January 29, 1898, for $3,124 against the defendant, Thomas R. Torrence.

The auditor distributed the fund first to Thomas G. Sherrard's executor.

Exceptions to auditor's report were overruled by the court.

*Errors assigned* were in overruling exceptions to auditor's report.

*Edward Campbell*, for appellant.—If Mrs. Torrence's fieri facias were not utterly void, and of no effect whatever, it certainly held the grasp of the levy upon it on the land in question

SHERRARD *v.* JOHNSTON. 171

1899.]                    Arguments.

until the revival of Mrs. Torrence's judgment came in to support it on the second day after it was issued, viz: on November 26, 1897: 1 Trickett on Liens, p. 367, sec. 313.

A levy on realty is made by the sheriff indorsing on the writ a description of the property to be sold: Cowden v. Brady, 8 S. & R. 509; Titusville Novelty Iron Works' App., 77 Pa. 103; Heydrick v. Eaton, 2 Binney, 217.

Neither the auditor nor the court below cited any authority showing that anybody else besides the execution debtor could have such execution stricken from the record. This Court has directly decided that the execution debtor alone can demand such action: Thompson's App., 57 Pa. 175.

An erroneous judgment or an irregular execution can be set aside only by direct and appropriate action by parties having an interest in the same, and not by a lien creditor of the execution debtor: McLaughlin v. McLaughlin, 85 Pa. 317; Levan v. Millholland, 114 Pa. 49; Kramer v. Wellendorf, 129 Pa. 547; Campbell's App., 118 Pa. 128; Shannon v. Newton, 132 Pa. 375; Young, Smyth, Field & Co. v. Levy, 6 Pa. Superior Ct. 23; Vastine v. Fury, 2 S. & R. 430; Speer v. Sample, 4 W. 376; Wilkinson's App., 65 Pa. 189; Phila. v. Jenkins, 162 Pa. 451; Righter v. Rittenhouse, 3 Rawle, 273.

An irregularity in the issuing of an execution cannot be taken advantage of collaterally. No one but the defendant can raise the question: Freeman on Executions, sec. 75; Com. v. Lelar, 13 Pa. 22; Keen v. Kleckner, 42 Pa. 529; Brown's App., 86 Pa. 524; Wingerd v. Fallon, 95 Pa. 184; Crawford v. Stewart, 38 Pa. 34; Murtland v. Taylor, 30 Pitts. Leg. Jour. 118.

*John M. Core,* for appellee.—The right to take after-acquired property on a judgment such as is presented to the auditor rests on the act of 1705, as interpreted by the Supreme Court: 1 Smith's Laws, 57; Colhoun v. Snider, 6 Binn. 135.

Under the act, real estate cannot be taken on a fi. fa. issued on a judgment more than five years old: Miller v. Miller, 147 Pa. 545; Davis v. Ehrman, 20 Pa. 257; Marx v. Goldsmith, 14 W. N. C. 173; Harmony B. Assn. v. Berger, 14 W. N. C. 388; Bannan v. Rathbone, 3 Grant, 259.

It has never been held that the lien of a fieri facias attaches to real estate without a levy. It was settled in Colhoun v.

Snider, 6 Binney, 135, that after-acquired lands were not bound by a judgment previously entered, but an execution issued upon such a judgment and levied upon such subsequently acquired lands is a lien thereon: Packer's App., 6 Pa. 277; Wilson's App., 90 Pa. 370.

Where the lien of the plaintiff's judgment expired before the sheriff's sale of the defendant's property thereunder it was held that the subsequent judgment creditors were entitled to receive the purchase money: Carl v. Strine, 1 York, 141; Lyon v. Cleveland, 170 Pa. 611; Sloan v. McMullen, 5 Pa. Dist. Rep. 430; Miller v. Miller, 147 Pa. 545.

Process forbidden by law is void, and a sale under it confers no title: Sheetz v. Wynkoop, 74 Pa. 198; Bomberger v. Raymond, 2 Pa. Dist. Rep. 280.

OPINION BY MR. JUSTICE MITCHELL, October 6, 1899:

The levy on the Banning judgment to the use of appellant was made on November 24, while that on appellee's judgment was not until the next day. Neither judgment being a lien on the land, which was after-acquired, the first levy had the first grasp on the fund: Packer's Appeal, 6 Pa. 277. But the appellant's judgment being more than five years old, the learned auditor held that it would not support an execution, and he therefore distributed the fund first to the appellee. In so doing, however, he overlooked the point that the objection was not made by the debtor defendant, and was not available to any one else.

The execution on the Banning judgment was not void, but merely irregular. As between the parties a judgment unpaid remains in force notwithstanding the expiration of its lien. There is no affirmative presumption of payment until after the lapse of twenty years, though after a certain length of time, fixed by the Act of April 16, 1845, P. L. 538, at five years, the law assumes that the defendant may have a valid reason against an execution, and therefore requires that he shall have an opportunity to show it before his land is seized. This provision, however, is for the benefit of the debtor, and if he refuses or neglects to take advantage of it, no one else can. The object of the scire facias to revive et quare executionem non, etc., is to give the debtor notice that he may be exposed to an

execution unless he shows cause against it.    It requires a valid defense, and if he has none or refuses or neglects to present it, a new judgment will be entered on which execution may at once be issued.    No other creditor has any standing to interject a defense for him in the scire facias, and no reason exists for allowing such interference if the plaintiff should assume that there is no defense and issue execution without the preliminary scire facias at all.

These principles were stated by KENNEDY, J., in Righter v. Rittenhouse, 3 Rawle, 273, as follows : " At common law after a year and a day had elapsed from the date of the judgment in personal actions, without execution being issued thereon by the plaintiff, a presumption arose that the defendant might be able to show that it was paid or discharged ; and after that, without affording him an opportunity to do so, the plaintiff could not take out execution upon his judgment.    To enforce the payment of it, he was compelled to bring an action of debt upon it, and to prosecute the same until he obtained a new judgment, upon which he might sue out execution.    To avoid the delay that attended this course of proceeding, the statute of Westminster 2d gave a scire facias upon the judgment in such actions after a year and a day, requiring the defendant to show cause, if any he had, why the plaintiff should not have execution of his judgment.    An execution sued out after the year and a day was never considered void, but voidable merely."

It is firmly settled that even a judgment which is fraudulent as to the debtor cannot be set aside by creditors unless there is collusion or fraud as to them: Thompson's Appeal, 57 Pa. 175 ; Zug v. Searight, 150 Pa. 506.    And a fortiori must the same rule be applied where the judgment or the proceeding upon it is not fraudulent or void, but merely irregular.    In Drexel's Appeal, 6 Pa. 272, judgment against the Towanda Bank was entered by confession on a warrant signed by the president only, in his own name.    It was held that the other creditors of the bank had no standing to impeach the judgment, this Court saying: "It might have been reversed on a writ of error, or set aside in the court below on motion, but only at the instance of the defendant, never at the instance of a stranger.    As long as the party injured by the irregularity submits to it, no one else can complain ; for a third party has a right to interfere with a

judgment only when it is collusive." See also McLaughlin v. McLaughlin, 85 Pa. 317, where a number of analogous cases are cited in the opinion on page 323.

The cases relied upon by the learned auditor do not touch this point. In Miller v. Miller, 147 Pa. 545, and Bannan v. Rathbone, 3 Grant, 259, the Court acted on the motion of defendant. In Lyon v. Cleveland, 170 Pa. 611, the question arose on a motion by a terre-tenant, acquiring title to the land while subject to the lien of plaintiff's judgment, to strike off a levy on a revived judgment, to which the terre-tenant was not party. What was decided was that until the purchaser put his title on record, took possession, or in other way gave actual or constructive notice to the plaintiff, a revival against the original debtor would bind the land. The remarks of our late Brother WILLIAMS by way of argument and illustration must be read with reference to the state of facts in the case before him. It was not intended to say that the lien of a judgment and the right to issue execution were identical, or that the existence of the former depended on the latter. Under the act of April 4, 1798, 3 Smith's Laws, 331, the lien of a judgment continued for five years, though no execution could be issued on it after a year and a day without preliminary scire facias, until the period was extended to five years by the act of 1845.

It is argued by appellees that appellant has not sufficiently proved the assignment of the Banning judgment to her. But the recovery is in the right of the legal plaintiff. No third party has any standing to question the status of the plaintiff to use.

Judgment reversed and fund directed to be applied first to the judgment of Catherine Banning. Costs to be paid by appellees.