## Sylvester v. DeWitt.

*Execution—Judgment—Lien—Testatum fi. fa.—Scire facias to revive —Acts of June 16, 1836, P. L. 755, and May 19, 1887, P. L. 132.*

By operation of the Act of June 16, 1836, P. L. 755, a writ of testatum fieri facias entered by the prothonotary in another county becomes a lien in that county on the real estate of the defendant from the date of such entry unless sooner paid, and that, whether the lien of the original judgment is continued or not. The lien so obtained expires at the end of five years, although the judgment upon which it was issued may continue to be a lien in the county where it was entered.

The Act of May 19, 1887, P. L. 132, which authorizes the issue of execution against personal property under a judgment which has lost its lien upon real estate, without a previous writ of scire facias to revive, does not repeal the Act of June 16, 1836, sec. 80, P. L. 755, declaring the effect of a testatum fi. fa. as to lien on real estate.

If it be conceded that a judgment must be revived before a testatum fi. fa. may issue, the restriction is in favor of the defendant, and is one which he may waive. An execution creditor has no standing to object to the testatum writ because it was issued before the revival of the judgment.

Argued Feb. 25, 1907. Appeal, No. 8, Jan. T., 1907, by Elizabeth J. Reed, from order of C. P. Luzerne Co., Feb. T., 1905, No. 190, sustaining exceptions to auditor's report in case of Sylvester, Hilton & Co., Assigned to J. B. Young, v. Jacob W. DeWitt. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exception to report of Paul Bedford, Esq., auditor.

The auditor found the facts to be as follows:

1. The fund for distribution, amounting to $1,000, is in the hands of Jonathan R. Davis, sheriff of Luzerne county.

2. The fund was derived from a sheriff's sale of the real

estate of Jacob W. DeWitt, defendant, on a writ of alias testatum fieri facias from Wyoming county, and entered in Luzerne county as No. 190, February Term, 1905.

3. Sheriff made the sale March 11, 1905.

4. The certified list of liens for five years previous to March 11, 1905, received from the prothonotary of Luzerne county contains the following statements:

Sylvester, Hilton & Company, assigned to J. B. Young, v. Jacob W. DeWitt. No. 137, March Term, 1904. Judgment February 19, 1904. Debt, $395.95.

Elizabeth J. Reed v. Jacob W. DeWitt. No. 331, October Term, 1904. Judgment July 14, 1904. Debt, $10,020.65.

(This judgment is a revival by amicable scire facias of judgment No. 49, October Term, 1905. The original judgment was entered June 10, 1904, to No 49, October Term, 1905, on an exemplification from the court of common pleas of Wyoming county.)

Sylvester, Hilton & Company, assigned to J. B. Young v. Jacob W. DeWitt. No. 190, February Term, 1905. Alias testatum fieri facias from Wyoming county. Filed January 23, 1905. Debt, $584.99.

5. No. 137, March Term, 1905, is a testatum fi. fa. from Wyoming county, issued to the sheriff of Luzerne county on February 19, 1904, on a judgment entered in Wyoming county on February 19, 1887, as of No. 35, April Term, 1887, and said judgment had not been revived by scire facias or otherwise prior to the issuing of the said writ of testatum fi. fa. (February 19, 1904), nor prior to the filing of the same in Luzerne county (February 19, 1904). The sale under said No. 137, March Term, 1904, was set aside by the court of common pleas of Wyoming county upon rule taken by the defendant alleging (1) inadequacy of price, (2) at time of sale the said testatum fi. fa. was not a lien upon real estate.

No. 190, February Term, 1905, is an alias testatum fi. fa. from Wyoming county and is the same obligation as No. 137, March Term, 1904.

The auditor awarded the fund to Elizabeth J. Reed on her judgment No. 331, October Term, 1904.

Exceptions to the auditor's report were sustained by the court.

205, (1907).]   Assignment of error—Opinion of the Court.

*Error assigned* was in sustaining exceptions to auditor's report.

*Asa S. Keeler*, for appellant, cited : Ross's App., 106 Pa. 82 ; Ramsey v. Ramsey, 29 Pa. C. C. R. 417 ; 3 Trickett on Liens, 512 ; Com. v. Walter, 99 Pa. 181 ; Miller v. Miller, 147 Pa. 548 ; Beck v. Church, 113 Pa. 200 ; Bucher v. Pringle, 16 Montg. 106 ; Harmony B. & L. Assn. v. Berger, 14 W. N. C. 499.

*Ernest K. Little*, with him *W. E. Little*, for appellee, cited : Nelson v. Guffey, 131 Pa. 273 ; Brandt's App., 16 Pa. 343 ; Hinds v. Scott, 11 Pa. 19 ; McElree v. Fockler, 1 Pearson, 536 ; Second Nat. Bank's App., 85 Pa. 528 ; Neil v. Colwell, 66 Pa. 216 ; Knauss's App., 49 Pa. 419,

OPINION BY HENDERSON, J., October 7, 1907 :

Section 80 of the Act of June 16, 1836, P. L. 755, provides that " Every testatum writ of fieri facias shall be a lien upon the real estate of the defendants named in such writ, within the county where it shall be so entered of record, during five years from the date of such entry, unless the debt, or damages and costs, be sooner paid." By operation of the statute a writ of testatum fieri facias entered by the prothonotary in another county becomes a lien in that county on the real estate of the defendant from the date of such entry unless sooner paid, and that, whether the lien of the original judgment is continued or not. The lien so obtained expires at the end of five years, although the judgment upon which it was issued may continue to be a lien in the county where it was entered. Such a writ was issued upon the appellee's judgment in Wyoming county and regularly docketed in Luzerne county. The sale of real estate had thereon was set aside on the application of the defendant and a resale had on an alias testatum fi. fa. after the judgment had been revived. On the same day that the original testatum writ was issued a scire facias to revive was also issued. The writ was, therefore, authorized by the Act of May 19, 1887, P. L. 132, which provides that execution may issue upon any judgment of record in any

of the courts of this commonwealth, notwithstanding such judgment may have lost its lien upon real estate, without a previous writ of scire facias to revive the same, provided that such execution shall be confined or restricted to the personal property of the debtor and provided further that at the same time execution is issued a scire facias shall be issued to revive the judgment.    While this act confines the operation of the writ to the personal property of the debtor it does not repeal the act of 1836 declaring the effect of the testatum fi. fa. as to liens on real estate.    The sheriff, of course, would not be authorized to sell the real estate of the defendant on such writ, but the right of execution and the lien are entirely different. The existence of a lien as provided by the act of 1836 is not so incompatible with the provisions of the act of 1887 that we are called upon to hold that the latter act impliedly repeals the former as to the writ under consideration.    The docketing of the writ by the prothonotary and the lien resulting therefrom are entirely apart from the operation of the writ as execution process, and the lien may exist after the writ has lost its vitality.    The effect of lien on real estate given to the writ of testatum fi. fa. distinguishes it from other writs of execution and as the act of 1887 applies to executions generally we think it was not in legislative contemplation that this quality of the testatum writ should be taken away by that act.    The court out of which the writ issued had control of the sheriff with reference to the character of the property to be sold and the first sale of the real estate was properly set aside, but the writ was not set aside and survived with its legal incidents.

The other view of the case would create confusion and uncertainty in regard to testatum liens and make necessary an examination of the records of the counties in which the judgments were recorded out of which the executions issued.

Moreover, the objection here to the effect of the writ comes not from the defendant but from an execution creditor.    The appellee's writ was docketed in Luzerne county long before the entry of the exemplification of the appellant's judgment.    Conceding that there should have been a revival of the judgment before a testatum fi. fa. was issued, that is a restriction in favor of the defendant and one which may be waived.    In Hinds v. Scott, 11 Pa. 19, it was held that while it was irregular to is-

sue an execution without a scire facias to revive in case of a judgment which had lost its lien, such irregularity was insufficient to avoid the sheriff's sale and could not be taken advantage of in a collateral proceeding; that the defendant alone could object and only then in proper time or he could waive the issuing of the scire facias and permit the land to be sold on the execution. And in Bailey v. Wagoner, 17 S. & R. 327, it was said a fieri facias post annum et diem is not void, but voidable; the plaintiff is required to issue a scire facias that the defendant may have an opportunity to show that the debt is paid, but he may dispense with the writ either by express agreement or by conduct which amounts to a waiver; where an irregularity has occurred it is the duty of the opposite party to take advantage of the defect at the earliest opportunity, otherwise he will be decreed to have waived every advantage arising from it. See also Blair v. Greenway, 1 Browne, 218, and Sherred v. Johnston, 193 Pa. 166. It does not appear that the defendant in the execution made any effort to set aside the writ or to avoid the effect of the lien of the judgment and it has not been shown to our satisfaction that the appellant has any standing to object that the testatum writ was prematurely issued. The case is with the appellee, therefore, and the judgment is affirmed.