Home Savings Fund, Appellant, *v.* King.

Argued April 17, 1934.

Before TREXLER, P. J., KELLER, STADTFELD, PARKER and JAMES, JJ.

*J. J. Kintner,* for appellant.

*Frank P. Barnhart,* and with him *A. Lloyd Adams,* for appellee.

Opinion by Trexler, P. J., July 13, 1934:

The only matter properly before us arose out of a petition addressed to the lower court asking that an execution issued on a bond accompanying a mortgage be stayed. The court granted the prayer of the petitioner. In the answer filed to the rule it was alleged that the lien of the judgment on which the property had been sold had been lost, and the court was requested to set the sale aside and to cancel the sheriff's deed. Neither side has raised any objection to the method employed to bringing these questions before the court. Growing out of the above we are asked to decide the following questions:

First, did a sheriff's sale by virtue of a judgment entered the same date as a mortgage, not given for purchase money, divest the mortgage? The mortgage was entered in the morning; a judgment binding the same property was received by the prothonotary by mail at 9:45 P. M. He filed it in the office at once and indexed it the following morning. In Polhemus' Appeal, 32 Pa. 328, a somewhat similar situation arose except in that case the judgment was received at the residence of the prothonotary while in the present case it will be noticed it was filed in the office by him. The action of the prothonotary was sustained. The court in referring to the act of the official stated: "We do not mean to countenance the practice of calling on public officers at 11 o'clock at night to perform official duties. Although neither law nor usage have assigned any very definite office hours for prothonotaries in rural counties, yet we think that the call here was greatly out of season, and had the prothonotary insisted on exemption from office duties at that hour, the courts would have sustained him. But we cannot say he was incapable of performing a valid official act, even at his house and so late at night." It has long been recognized that a judgment and a mortgage en-

tered on the same day, unless the mortgage be given for purchase money, pro-rate in the distribution of the funds of sheriff's sale, and are both discharged by sheriff's sale, Claason's Appeal, 22 Pa. 359; Clawson v. Eichbaum, 2 Grant 130, but the appellant seeks to avoid the application of this rule by calling attention to the fact that under the rule of court of Cambria County, the prothonotary when he received the judgment note was required to endorse the time of its receipt and that, therefore, the question of priority must be determined in favor of the mortgage, which was recorded some hours before. The rule of court is as follows:

"The prothonotary or clerk, as the case may be, shall endorse upon all papers filed, the day and hour of filing the same, and upon request shall give a receipt for any paper filed. No parole evidence shall be received to contradict such endorsement in any collateral proceedings."

The lower court held that the rule did not affect the question which arose in this case. It applied generally to all papers that were filed. The record on the continuance docket and the judgment index did not disclose the time the judgment was entered, nor was it the duty of the official to note it. The act of assembly of April 27, 1927, P. L. 440, 21 PS 622, requires the recorder of deeds to note the hour of record of a mortgage, but there is no requirement of that nature as to judgments. All that is required in this respect is that the date be entered. It was not within the power of the court to virtually amend the act of assembly and in effect establish a different rule in one county, as to the relative standing of a mortgage and a judgment entered on the same day, to that prevailing in other counties.

Second, the appellant contends that the judgment, upon which the land was sold, was not valid, since it

was entered on one return of nihil. The sheriff's sale had, under the judgment which is now attacked, was confirmed by a deed duly given, and a third party has no standing to attack its validity. It is only when there is collusion that a third party has a right to complain of irregularity: Hauer's Appeal, 5 W. & S. 473; Drexel's Appeal, 6 Pa. 272; Holshue v. Morgan, 170 Pa. 217, 32 A. 623; Milleisen v. Senseman, 4 Pa. Superior Ct. 455; Sylvester v. DeWitt, 34 Pa. Superior Ct. 205; East Side Bank v. Tanning Co., 170 Pa. 1, 32 A. 539; Podol v. Shevlin, 284 Pa. 32, 130 A. 264 and Sherrard v. Johnston, 193 Pa. 166, 44 A. 252.

It must be noted that the lien of the original judgment was continued by the issuing of a sci. fa. and that the issuing of this writ continued the lien of the judgment for another five years, Meinweiser v. Hains, 110 Pa. 468, 2 A. 431, and that even if there was irregularity in the entry of the judgment during the five years without a return of two nihils as provided by the Act of July 9, 1901, P. L. 614, nevertheless, the lien of the original judgment persisted, and the improper entry of the judgment gave appellant's mortgage no preference. (One nihil is now sufficient, Act of April 24, 1931, P. L. 56.) However, this is apart from the present question. The appellant, as stated before, was not in a position to attack the validity of the sheriff's sale especially so after the deed had been duly acknowledged and the title passed.

The order of the lower court is affirmed.