**DISTRICT 65, DISTRIBUTIVE, PROCESSING AND OFFICE WORKERS UNION OF NEW YORK AND NEW JERSEY et al. v. McKAGUE et al.**

**Civ. A. No. 10208.**

United States District Court
W. D. Pennsylvania.

Oct. 14, 1953.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Louis Abramson, Pittsburgh, Pa., for defendant McKague.

Paul K. McCormick, Greensburg, Pa., for defendant Kromer.

GOURLEY, Chief Judge.

The question before the court arises out of defendants' motion to dismiss plaintiffs' Bill of Complaint, Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.

The question was originally argued before my late associate, The Honorable William Alvah Stewart, but no conclusion or adjudication was entered prior to his death.

Written stipulation had been executed by counsel for the parties wherein it has been agreed the court shall consider the question presented without additional hearing, and no useful purpose could be served by further argument or presentation.

Certain persons in whom the plaintiffs were interested were indicted in the Court of Quarter Sessions of Westmoreland County, Pennsylvania, for the violation of a law of the Commonwealth of Pennsylvania. Cash bail was posted with the Alderman for each of the defendants in the state proceeding by Attorney Joseph Bonidy, Sr., which cash bail was made available to him by the plaintiffs in the proceeding before this court. Subsequent thereto, the persons for whom said bonds were posted with the Clerk of the State court requested the Clerk in writing to return the cash bail to Patrick

McKague, Esq., their counsel, with authorization given to their counsel to use the bail returned as he sees fit. On the basis of said written authorization, the Honorable John M. O'Connell, Judge of said court, directed Jay W. Kromer, Clerk of Courts, to turn over the amount of said cash bail to Patrick McKague, counsel for the defendants in the state proceeding.

The defendants in the proceeding in this court, in support of their motion to dismiss, contend that the complaint fails to state a claim upon which relief can be granted on behalf of the plaintiff Union against Jay W. Kromer, Clerk of Courts, and/or Patrick McKague, Esq.

█ On a motion to dismiss, the complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580; Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631.

### Claim Against Defendant Kromer

In the plaintiffs' claim against Kromer, it is contended that Kromer knew that McKague had no right to accept the cash bail and, therefore, his action was illegal even though the defendants in the State proceeding agreed the cash bail should be delivered to McKague and the court authorized said payment by Kromer to McKague.

The applicable provisions of the law of Pennsylvania as to the authority of the Clerk of a State court provide as follows:

"In all criminal or quasi criminal prosecutions, in any of the courts of quarter sessions and oyer and terminer or other courts of record having jurisdiction, desertion or non-support and surety of the peace, pending in the said courts of this Commonwealth, in lieu of bail and recognizances with surety or sureties thereon required and approved by the court, the party or parties required to give and enter said bail or recognizances, or any other person or persons in their behalf, are hereby authorized and allowed to deposit, with the clerk of the respective court in which said prosecution or proceeding is pending, the amount in which bail or recognizance is required, in current funds of the United States, and said deposit shall be sufficient bail or recognizance, upon the defendant or defendants entering his or their own bail or recognizance in the prosecution or proceeding, to which said defendant or defendants would be entitled under existing laws by entering bail or recognizance with sufficient surety or sureties approved by the said court." 19 P.S. § 71.

Section 72 of Title 19 of Purdon's Pennsylvania Statutes Annotated contains provisions relating to the disposition of these cash deposits in lieu of bail and recognizances with surety and provides that:

"In case there is no forfeiture or breach of condition of the bail or recognizance entered by the defendant or defendants in the prosecution or proceeding, and the same is terminated, then, upon the order of the court, the clerk shall pay said money deposited to the defendant or defendants, or to the person or persons depositing the same in their behalf, after the deduction of his commission as hereinbefore provided."

According to the allegations of the complaint, there was no forfeiture or breach of condition of the bail so that this provision is applicable hereto.

█ Plaintiffs advance the thesis that the Clerk of the Court of Quarter Sessions is personally liable for following an order of a judge of that court which he deems to be erroneous in nature. To accept this view would necessarily repose upon the Clerk of the Court of Quarter Sessions the responsibility of ruling on the legality or illegality of an order entered by a judge of that court. No legal authority exists to support such a radical proposition. Had the Legislature intended that the Clerk have the final responsibility for the disposition of

these funds, I would be required to treat the language of the statute "upon the order of the court" as surplusage. It seems obvious that this provision places the responsibility on the court and not on the Clerk.[1] To construe the provision otherwise would be to sanction a procedure contrary to all judicial precedent. Whether the order of court is erroneous is not a matter for the Clerk to determine, but must rest with the appropriate appellate court.

Even assuming the truth of all the allegations of the complaint, it is my judgment that the complaint does not state a cause of action.

Motion to dismiss the complaint with respect to defendant Kromer will be granted.

### Claim Against Defendant McKague

 In connection with motion to dismiss filed in behalf of defendant McKague, plaintiffs contend McKague illegally received the amount of cash bail which rightfully belongs to plaintiff Union and has refused upon demand to return the same. As a result of McKague's illegal receipt of said money, plaintiff Union has been unlawfully deprived of its property and funds without due process. Reading this claim in the light of the remainder of the complaint leads me to the inevitable conclusion that plaintiffs' theory that the receipt was illegal is based on the premise that it was a receipt pursuant to an illegal order. This then becomes an attempt to attack an order of a court of competent jurisdiction in a collateral proceeding in this court. The law is well settled in Pennsylvania that in the absence of fraud or collusion a judgment order or decree of a court of competent jurisdiction, valid and regular on its face, in force and unreversed, cannot be impeached by the parties or privies thereto or by a stranger in a collateral proceeding in the same or another court. Moeller v. Washington County, 1945, 352 Pa. 640, 44 A.2d 252; In re Metzger's Estate, 1913, 242 Pa. 69, 88 A. 915; Ogle v. Baker, 1891, 137 Pa. 378, 20 A. 998; Com. ex rel. Howard v. Howard, 1940, 138 Pa.Super. 505, 10 A.2d 779; Home Savings Fund v. King, 1934, 113 Pa.Super. 400, 173 A. 891. See also list of citations in 22 Vale's Pennsylvania Digest, Judgment ☞470 under heading "Judgments presumed valid in general." The contested order was entered by a court of competent jurisdiction, is valid and regular on its face, and is in force and unreversed and unappealed. Plaintiffs' complaint makes no allegation of fraud or collusion in the procurement of the order. It is true that the liberal rules of pleading prevailing in this court do not require that a claimant plead all elements necessary to establish a cause of action. However, where fraud is one of these elements, more particularity of pleading is required. Rule 9(b) of Federal Rules of Civil Procedure. Paramount Film Distributing Corp. v. Jaffurs, D.C.W.D.Pa.1951, 11 F.R.D. 437.

Claim against defendant McKague will be dismissed unless the plaintiffs within twenty days from the date hereof amend the complaint to allege fraud or collusion in the procurement of the order.

1. The local rules of court in Westmoreland County are to the same effect as the statute, and those pertinent hereto are as follows:

Rule No. 136 (Court of Common Pleas): "On the payment of money into Court *for any purpose*, the same shall be deposited in such bank as the Court may designate, to the credit of the Court in this particular case, and shall be drawn out *only upon an order of the Court*, attested by the Prothonotary; Provided, that nothing herein shall be construed to prevent a disposition of the money by agreement of the parties. A copy of this rule shall be inserted in the bank books in which the deposits are entered." (Emphasis added.)

Rule No. 221 (Court of Quarter Sessions): "The rules of the Court of Common Pleas, so far as applicable, and not hereinafter changed, shall also be the rules of the criminal courts, the clerk performing the duties enjoined upon the Prothonotary."