MORGENSTERN CHEMICAL CO., Inc., v.
SCHERING CORPORATION.

No. 10096.

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1950.

Decided April 5, 1950.

Copal Mintz, New York City, for appellant.

Anthony T. Augelli, Jersey City, N. J. (Raoul Berger, Washington, D. C., Milton, McNulty & Augelli, Jersey City, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Plaintiff, Morgenstern Chemical Company, brought this suit in the District Court for the District of New Jersey for an injunction against the continued use by defendant, Shering Corporation, of the registered trade-mark, "Combisul", which was alleged to be confusingly similar to the

registered trade-mark, "Combinal", owned by the plaintiff. The complaint also prayed for an accounting and damages. In its answer, the defendant denied that its trade-mark was confusingly similar to that of the plaintiff. The defendant alleged that the trade-marks were substantially dissimilar; that although both products were drugs, they were of a different nature; that there had in fact been no confusion; and that there was no reason to anticipate confusion. The defendant further alleged that the prior use of the stem of the plaintiff's trade-mark precluded a subsequent claim by the plaintiff to an exclusive appropriation; that the defendant's product was sold on prescription only, thus precluding a finding of confusion; that the defendant had acted in good faith; and that the defendant had developed a substantial business for its product, while the plaintiff had only a negligible trade.

Taking the position that the issues raised by the defendant were not relevant to its claim, the plaintiff moved for summary judgment on the complaint, answer, and supporting affidavits.

The district court dismissed the motion for summary judgment "because of the presence of genuine issues of fact". From this order, the plaintiff appeals.

The question whether such an order is appealable seems rarely to have arisen. This may reflect rather general acceptance of the view that orders denying summary judgment are not appealable, whatever the character of the litigation.[1] The one case which seems to allow such an appeal as is here presented does so without analysis of the problem.[2] Others, cited by appellant, do not reach, much less solve, our problem.[3] We have found no judicial discussion of this or any closely related situation. We, therefore, approach the question of jurisdiction as essentially one of first impression.

The defendant argues that the order appealed from is neither final nor within the exceptional group of appealable interlocutory orders, and that this appeal should therefore be dismissed. We agree.

The denial of a motion for summary judgment because of the presence of genuine issues of fact is not normally appealable.[4] For the moving party is not thereby foreclosed. When the facts are developed, he may still win. Plainly such an order is not final.

The plaintiff urges, however, that the result should be different when a motion for summary judgment is denied, which, if granted, would have resulted in an injunction. The situation is said to be within § 1292(1) of the Judicial Code which provides that courts of appeals shall have jurisdiction of appeals from interlocutory orders of district courts "refusing" injunctions. 28 U.S.C.A. § 1292(1), 62 Stat. 929 (1948).[5]

Plaintiff says it was "refused" an injunction, meaning that the order of the court in effect prevented it from obtain-

---

1. See 3 Moore, Federal Practice § 56.09 (1938, Supp.1948).

2. Raylite Electric Corp. v. Noma Electric Corp., 2 Cir., 1948, 170 F.2d 914.

3. In the cases most heavily relied on by the plaintiff, it is clear that the orders appealed from were denials of the plaintiff's right to an injunction. For example, in Drittel v. Friedman, 2 Cir., 1946, 154 F.2d 653, the court dismissed a counterclaim seeking an injunction. Obviously such dismissal finally disposed of defendant's counterclaim for injunction.

   In Ring v. Spina, 2 Cir., 1945, 148 F.2d 647, 160 A.L.R. 371 and in Betmar Hats v. Young America Hats, 2 Cir., 1941, 116 F.2d 956, the order appealed from was the denial of a motion for preliminary injunction. Accord, King Mechanism & Engineering Co. v. Western Wheeled Scraper Co., 7 Cir., 1932, 59 F.2d 546.

4. Betmar Hats v. Young America Hats, 2 Cir., 1941, 116 F.2d 956; In re Finkelstein, 2 Cir., 1939, 102 F.2d 688; Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 1939, 108 F.2d 123.

5. "The courts of appeals shall have jurisdiction of appeals from:
   "(1) Interlocutory orders of the district courts * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * * *."

ing injunctive relief as sought at a certain procedural stage of litigation. Defendant says plaintiff was not "refused" an injunction, meaning that the questioned order of the court did not require or involve adjudication, or even consideration, whether the application for injunctive relief was meritorious.

Although neither connotation distorts the verb "refuse" we have not found it difficult to choose between them. Guidance is to be found in the contrast between the order in this case and those heretofore held appealable as refusals of injunctions. Congress first authorized appeals from interlocutory orders refusing injunctions in 1895.[6] Nearly fifty years elapsed before the summary judgment procedure was adopted pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. During the intervening years, so far as we have been able to determine, appeals from refusals of injunctions have been in cases where the merits of the applications for injunctive relief had been passed upon in the trial courts. The discretion of the chancellor was invoked; equitable considerations were weighed, and a conclusion reached with respect to the equity of the claim that a restraint should be imposed. Thereafter, the equity of the claim for injunctive relief was the issue reviewed on appeal.

The denial of summary judgment in the court below has no comparable significance. The court has not reached, much less decided, the merits of plaintiff's claim for injunction. The motion for summary judgment is not an application for a preliminary injunction. Nothing has occurred in or as a result of the denial of the motion which precludes plaintiff from seeking a temporary injunction in accordance with established procedure if he believes immediate injunctive relief is necessary and proper. Plaintiff is merely relegated to the normal procedure of trial which would have been the only procedure before the adoption of Rule 56. In terms of the issues of the present case, the effect of the court's decision is merely to require the submission of additional evidence before the court will undertake to determine whether two trademarks are confusingly similar.[7] In character and impact the court's action was not greatly different from an order continuing a cause already calendared for trial until some future date in order that additional witnesses may be called.

█ It follows that the order below lacks the potential of drastic and far reaching effect on the rights of the parties which is characteristic of orders which decide the propriety of granting or refusing injunctions. Such potential supplies the rational basis for the incursion upon the general policy proscribing interlocutory appeals in the exceptional situations covered by § 1292. This view has recently been expressed by the Supreme Court in its statement that § 1292 indicates "the purpose to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties." Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 545, 69 S.Ct. 1221, 1225. Similarly, in this circuit we have said, "The manifest purpose of the statute is to enable a litigant to seek prompt review in an appellate court from an order or decree which in most instances is effective upon its rendition and is drastic and far reaching in effect." Maxwell v. Enterprise Wall Paper Co., 3 Cir., 1942, 131 F.2d 400, 402. Thus, to construe § 1292 as applicable to the present order would unnecessarily divorce the meaning of the language used from its apparent purpose.

Plaintiff himself has recognized the significance of this line of argument by calling our attention to cases which emphasize that it is the substance of the rights affected rather than the form of the order which determines appealability. E. g., Ettelson v. Metropolitan Life Insurance Co., 1942, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176;

---

6. 28 Stat. 666. This provision was repealed in 1900. 31 Stat. 660. But it was re-enacted in 1925. 43 Stat. 937.

7. See, for the possible scope of these issues, House of Westmore v. Denney, 3 Cir., 1945, 151 F.2d 261 and Albert Dickinson Co. v. Mellos Peanut Co. of Illinois, 7 Cir., 1950, 179 F.2d 265.

Enelow v. New York Life Insurance Co., 1935, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; General Electric Co. v. Marvel Rare Metals Co., 1932, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408; Ring v. Spina, 2 Cir., 1948, 166 F.2d 546; King Mechanism & Engineering Co. v. Western Wheeled Scraper Co., supra. But these cases, far from supporting the plaintiff's position, suggest, conversely, that the foregoing analysis is sound. It is not enough merely to have discovered that the order can be found not to have granted an injunction. Its essential character and effect must be determined.

■ Two other factors deserve mention. The Rules of Civil Procedure were not intended to broaden the scope of review of decisions of district courts. Cf. United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. If our analysis of the contrast between the substance of this order and the substance of interlocutory orders heretofore reviewable is correct, we are asked to employ these Rules to accomplish an appreciable broadening of the scope of interlocutory appeals.

Finally, the procedure for summary judgment under Rule 56 is similar and comparable to the procedure for judgment on the pleadings under Rule 12. Indeed, a motion under Rule 12, can, in proper case, be disposed of as a motion for summary judgment under Rule 56.[8] But Rule 12 specifically reserves to the court the right to postpone decision on a motion for judgment on the pleadings until trial. It seems most unlikely that a similar postponement necessarily resulting from the exercise of discretion whenever summary judgment is denied under Rule 56 would create an immediately reviewable issue. So incongruous a consequence should be avoided, unless inescapable.

We are satisfied that the order appealed from is not an order refusing an injunction within the meaning of § 1292(1).

The appeal will be dismissed.

**8.** Federal Rules Civil Procedure, rule 12; cf. Deming v. Turner, D.C.1945, 63 F.Supp. 220.