**DISTRICT 65, DISTRIBUTIVE, PROCESSING AND OFFICE WORKERS UNION OF NEW YORK AND NEW JERSEY, FORMERLY LOCAL 65 et al. v. McKAGUE et al.**

No. 11259.

United States Court of Appeals, Third Circuit.

Argued April 19, 1954.

Decided Aug. 17, 1954.

Rehearing Denied Oct. 14, 1954.

As Amended Oct. 26, 1954.

Hymen Schlesinger, Pittsburgh, Pa. (Weisman, Allan, Spett & Sheinberg, New York City, on the brief), for appellants.

Paul K. McCormick, Greensburg, Pa., for appellees.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

BIGGS, Chief Judge.

The suit at bar was brought by the appellants, whom we will refer to collectively as "District 65", against Mr. Jay W. Kromer, Clerk of the Court of Quarter Sessions of the Peace, Westmoreland County, Pennsylvania, referred to hereinafter as the "Clerk", and against Patrick McKague, Esquire, a member of the Bar of that County and attorney of record for a number of defendants indicted by a Grand Jury of that County. Mr. McKague will be referred to hereinafter as the "Attorney". The complaint alleges that District 65 put up cash bail for the defendants in the criminal action and that the Clerk illegally returned the bail money to the Attorney and that the Attorney illegally refuses to return the money to District 65. Motions to dismiss the complaint were filed by the Clerk and the Attorney. The court in its opinion indicated that it would dismiss the complaint as to the Clerk but would dismiss it conditionally as to the Attorney, the condition being that District 65 would amend its complaint within twenty days. See 115 F.Supp. 227. The court then entered the order of dismissal of November 3, 1953. This is the order appealed from.

It is desirable to point out now that the order of November 3 makes no differentiation between the right of District 65 to amend the complaint as to the Clerk and the right of District 65 to amend the complaint as to the Attorney but District 65 deems the limitation of the opinion as binding upon it for District 65 states in its brief: "The action as to Patrick McKague continues in the court below, as

* * * [District 65] amended the complaint in accordance with the requirement of the order of the court." We will interpret the order of the court, as District 65 construes it, viz., as permitting amendment to the complaint in respect to the Attorney only. Prior to the appeal the Attorney filed an answer and a counterclaim to the complaint. If the counterclaim be supported by adequate evidence it may eventuate that District 65 owes the Attorney money.

Jurisdiction of the complaint is based on diversity of citizenship and jurisdictional amount and apparently, insofar as the Clerk is concerned, also on the Fourteenth Amendment and the Civil Rights Acts. The amendment alleges fraud and collusion, both vigorously denied by the answer. The complaint is loosely and inartistically drawn but the appellants apparently intended to assert both joint and several causes of action against the Clerk and the Attorney growing out of the same operative facts to some degree. No further analysis of the complaint or the amendment is required in this opinion.

■ The appeal will be dismissed since the order appealed from is not a final decision of the court below within the purview of Section 1291, Title 28 U.S.C., and Rule 54(b) F.R.C.P. 28 U.S.C.[1] Rule 54(b), as amended December 27, 1946, to be effective as of March 19, 1948, provides: *"Judgment Upon Multiple Claims.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however desig-

---

[1]. We note that the final prayer of the complaint is for an injunction against the Attorney but since injunctive relief has been neither sought, granted nor denied as to the Clerk the provisions of Section 1292(1), Title 28 U.S.C. will not serve to sustain the appeal. Cf. Morgenstern Chemical Company v. Schering Corporation, 3 Cir., 1950, 181 F.2d 160, 162–163, and Hook v. Hook & Ackerman, Inc., 3 Cir., 1954, 213 F.2d 122.

nated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

We have before us, therefore, multiple claims, including a counterclaim. The order appealed from disposes only of the claim asserted against the Clerk. The law as it existed prior to original Rule 54(b) was to the effect that an order terminating an action as to less than all of the parties "jointly" claiming or "jointly" charged lacked finality. Original Rule 54(b) did not change the law in this respect nor does present Rule 54(b) as it now exists subsequent to the 1946 amendment thereto. The amended rule does, however, attack the problem of finality from the point of view of multiple *claims* rather than from that of multiple *parties*.[2] Rule 54(b), in its present form, as construed by this court, requires that the imprimatur or stamp of finality be put upon any judgment entered by the trial court disposing of a cause of action by an express determination that there is no just reason for delay and by an express direction to enter judgment. Absent such *action by the trial court* the last sentence of Section 54(b) comes into play and the judgment or order is not a final decision appealable within the purview of Section 1291, Title 28. See Bendix Aviation Corp. v. Glass, 3 Cir., 1952, 195 F.2d 267.

No such imprimatur has been put upon the order appealed from by the court below. Indeed it is difficult to see how on the alleged operative facts the ends of justice would be served by the trial court treating the order appealed from as a final decision.

The appeal will be dismissed.

On Petition for Rehearing.

PER CURIAM.

This case was argued here on April 19, 1954. During the course of the argu-

ment the court pointed out that the judgment appealed from probably was not a final one within the purview of Section 1291, Title 28 U.S.C., a view which was adhered to when we filed our opinion on August 17 and an order dismissing the appeal was entered for want of jurisdiction. See Rule 54(b), Fed.Rules Civ. Proc. 28 U.S.C.

Counsel for the appellants stated when this court indicated that the appeal should be dismissed that he could procure an order from the court below in conformity with Rule 54(b), F.R.C.P. This court then unequivocally informed counsel that the court below was without jurisdiction to make such an order since the appeal was pending in this court. Thereafter, on May 24, disregarding our admonition, counsel for the appellants procured from the court below the following order: "And now, this 24 day of May, 1954, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, it is hereby determined that no reason exists for delay in the entry of judgment of dismissal as against Jay W. Kromer, defendant." This order as a supplemental record was eventually certified to the Clerk of this court on August 30, 1954, some thirteen days after our opinion and order dismissing the appeal had been entered.

A petition for rehearing has now been filed by the appellants on the ground that the order originally appealed from is now an appealable one by reason of the order of the court of May 24, 1954. We reject this contention. The court below was without jurisdiction to enter the order of May 24, 1954 since the appeal was pending in this court and the court below was without jurisdiction to enter any order which would affect the status of the appeal. But even if jurisdiction had existed in the court below to enter the order we would deem it to have been improvidently entered. In the next to last sentence of our opinion filed August 17 we stated, "Indeed it is difficult to see how on the alleged opera-

2.  See Moore's Federal Practice, Vol. 6, paragraphs 54.27(3) et seq., pp. 208 et seq.

tive facts the ends of justice would be served by the trial court treating the order appealed from as a final decision." This was the equivalent of stating that the court below could not discreetly make "an express determination" that there was no just reason for delay. We state for the guidance of the court below that if suits such as that at bar which present no major issue or guiding principle are to be cut up and brought piecemeal before appellate tribunals Rule 54 (b) will not fulfill its function and continued disregard of the spirit of the Rule must inevitably lead to its modification or repeal.

The petition for rehearing will be denied.