**DIVISION 689, AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, A.F.L., Appellant,**

v.

**CAPITAL TRANSIT COMPANY, Appellee.**

No. 12531.

United States Court of Appeals District of Columbia Circuit.

Argued May 3, 1955.

Decided June 9, 1955.

---

Mr. I. J. Gromfine, Washington, D. C., with whom Mr. Bernard Cushman, Washington, D. C., was on the brief, for appellant.

Mr. O. R. McGuire, Jr., Washington, D. C., with whom Mr. Edmund L. Jones, Washington, D. C., was on the brief, for appellee.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Appeal is sought from an order of the District Court denying appellant's motion for summary judgment or for judgment on the pleadings. We hold the order is not final for the purpose of appealability.

Appeal dismissed.

BAZELON, Circuit Judge (concurring).

Appellant labor union sued for a judgment declaring that appellee company had breached a collective bargaining agreement between the parties by refusing to arbitrate an issue concerning the employees' pension plan. The complaint also sought a mandatory injunction to compel the company to proceed to arbitration. The District Court denied appellant's motion for judgment on the pleadings, or, in the alternative, for summary judgment.[1]

---

1. Fed.R.Civ.P. 12(c), 56, 28 U.S.C.A.

Ordinarily orders denying such motions are not final for purposes of appealability because they indicate that a "genuine issue as to any material fact" remains to be tried.[2] But finality is asserted here on two grounds: first, because the judge indicated that, in his view, "the action does not lie," and second, because the order, by necessary implication, includes the refusal of an injunction as that term is used in 28 U.S. C. § 1292(1).[3]

The defendant below did not seek, and the court did not order, dismissal or summary judgment in defendant's favor. Nor, of course, was there a final disposition in favor of the plaintiff. On this state of the record, I think denial of plaintiff's motion, viewed in the light of Rule 56,[4] reflects no more than a ruling that a genuine issue of material fact remains to be tried.[5] This unresolved issue is whether the parties intended by their contract to make pension disputes arbitrable. I therefore construe the order we are asked to review as not final and appealable.

In considering whether the order is appealable as a denial of injunctive relief within the meaning of § 1292(1), I note that there is nothing in the record to indicate that the equity powers of the District Court were invoked on the motion for summary judgment. Such a motion is not an application for injunctive relief, and there is no basis for inferring that the court considered it so merely because a prayer for injunction was included in the complaint. At least without a clear showing that the court considered the merits of a plea to its equitable jurisdiction, the denial of summary judgment cannot be deemed an "interlocutory order * * * refusing" an injunction within § 1292(1). Morganstern Chemical Co. v. Schering Corp., 3 Cir., 1950, 181 F.2d 160, 162.[6]

DANAHER, Circuit Judge (dissenting).

Appellant sought a mandatory injunction ordering the appellee to arbitrate a pension dispute and, in the alternative, a declaratory judgment that the defendant's refusal to arbitrate constituted a breach of the collective bargaining agreement between the parties. Pertinent portions of the agreements appear of record. Appellee having answered, appellant moved for summary judgment, or for judgment on the pleadings, but appellee filed no cross motion. At the close of the argument the trial judge, treating both of appellant's motions as coming within Rule 56, denied them, and orally expressed the opinion "that the action does not lie." Thereupon the following order was entered:

"This cause came on to be heard on October 24, 1954, on plaintiff's motion for judgment on the pleadings or summary judgment, and thereupon, upon consideration thereof and of the pleadings, affidavits and memoranda filed in this cause, and the argument of counsel, and it appearing to the court that the arbitration clause in the contract between the parties which plaintiff seeks to enforce covers only matters which arise under the contract and can not reasonably be construed to cover proposed changes in the con-

2. Fed.R.Civ.P. 56(c). See Morganstern Chemical Co. v. Schering Corp., 3 Cir., 1950, 181 F.2d 160, 161; Hook v. Hook & Ackerman, Inc., 3 Cir., 1954, 213 F.2d 122, 128.

3. "The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States * * * granting, continuing, modifying, refusing or dissolving injunctions * * *." 62 Stat. 929 (1948).

4. Fed.R.Civ.P. 56.

5. This case does not, to quote Judge Clark, "signalize any departure from the ordinary tentative and merely postponing nature of a denial of summary judgment." Federal Glass Co. v. Loshin, 2 Cir., 1954, 217 F.2d 936, 940, dissenting opinion.

6. To the extent that Federal Glass Co. v. Loshin, supra, is to the contrary, I would not follow it. See 6 Moore, Federal Practice 2321 (2d ed. 1953).

tract, it is by the court this 4th day of November, 1954, .

"Ordered, that plaintiff's motion for summary judgment or for judgment on the pleadings be and it hereby is denied."

This case is not like Morganstern Chemical Co. v. Schering Corp., 3 Cir., 1950, 181 F.2d 160, where the court pointed out that the motion for summary judgment had been denied because of the presence of genuine issues of fact. Here, the trial judge clearly ruled that the plaintiff was not entitled to prevail as a matter of law. I am confident that Judge Holtzoff is fully aware that before a movant may be granted a summary judgment, he must establish (1) "that there is no genuine issue as to any material fact" *and* (2) that he is "entitled to a judgment as a matter of law." He chose to predicate his order upon the latter ground, and to me, that order looks "final." Accordingly, I would go right to the merits. Now that the appeal is being dismissed, and after considerable loss of time and effort, I suspect that some other District judge may decide that the law of the case has been established, and we will have it right back here with additional loss of time and expense.