246 F.2d 675
 100 U.S.App.D.C. 394
 ERCONA CAMERA CORPORATION and Steelmasters, Incorporated, Appellants,
v.
Herbert BROWNELL, Jr., Attorney General, George M. Humphrey,
Secretary of the Treasury, and Ralph Kelly,
Commissioner of Customs, Appellees.
 No. 13538.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 13, 1957.
Decided May 16, 1957.
 
 [100 U.S.App.D.C. 395] Mr. Harry I. Rand, Washington, D.C., for appellants.
 Mr. George B. Searls, Atty., Dept of Justice, with whom Miss Marbeth Ann Miller, Atty., Dept. of Justice, was on the brief, for appellees.
 Before EDGERTON, Chief Judge, and PRETTYMAN and WASHINGTON, Circuit judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants were in the business of importing cameras and similar articles from East Germany bearing the trademark 'Zeiss.' The Attorney General of the United States, claiming ownership of this trademark as seized enemy property, invoked the provisions of 19 U.S.C.A. § 1526, making it 'unlawful to import into the United States' merchandise bearing a trademark owned in the United States, without the written consent of the owner of the trademark. Plaintiffs brought suit in the District Court against the Attorney General, the Secretary of the Treasury, and the Commissioner of Customs for a decree declaring that the Attorney General has no right to the exclusive use of the trademark, and enjoining the defendants from interfering with plaintiffs' importation of the goods in question. Plaintiffs moved for summary judgment and for a preliminary injunction. Both were denied, and plaintiffs appealed.
 
 
 2
 As to the denial of the summary judgment, which was ordered by the District Court without specification of its reasons, the Government moved in this court to dismiss the appeal. That motion will be granted. See Division 689 v. Capital Transit Co., 1955, 97 U.S.App.D.C. 4, 227 F.2d 19.[1] As to appellants' appeal from the denial of their motion for a preliminary injunction, we are of the opinion that the ruling of the District Court was a proper exercise of its discretion, and accordingly affirm. We do not reach the merits of the case, and intimate no view about them.
 
 
 3
 So ordered.
 
 
 
 [1]
 As in the case cited, 'there is nothing in the record to indicate that the equity powers of the District Court were invoked on the motion for summary judgment.' 97 U.S.App.D.C. at pages 4-5, 227 F.2d at pages 19-20 (concurring opinion). In fact, appellants' motions for summary judgment and preliminary injunction were filed separately and were denied on different days. 'At least without a clear showing that the court considered the merits of a plea to its equitable jurisdiction, the denial of summary judgment cannot be deemed an 'interlocutory order * * * refusing' an injunction within § 1292(1) (of title 28 U.S.C.).' Ibid