317 F.2d 309
 Kenneth A. HERON, Appellant,
v.
CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation
of the State of Colorado, Richard Y. Batterton,
individually, and as Mayor of the City of Denver, Walter
Krstich, individually and as Chief Building Inspector of the
City of Denver, and their successors in office, and Duke W.
Dunbar, as Attorney General of the State of Colorado, Appellees.
 No. 7153.
 United States Court of Appeals Tenth Circuit.
 May 20, 1963.
 
 George K. Thomas, Denver, Colo., for appellant.
 Brian H. Goral, Asst. City, Atty. (Robert S. Wham, City Atty., on the brief), for appellees.
 Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District judge.
 SETH, Circuit Judge.
 
 
 1
 Appellant brought this action against the City and County of Denver and certain of its officials complaining that an ordinance unduly restricted his right to practice his profession as an engineer licensed by the state of Colorado. The ordinance describes the types of buildings the plans for which may be prepared and submitted for approval by licensed engineers and which may be submitted by architects. This ordinance, prior to the amendment of the state statute on the same subject, was contested by this appellant without success, both in the state courts and in the federal courts. Appellant here sought to enjoin the enforcement of the ordinance and its distribution in pamphlet form. The appellees' motion to dismiss was denied, as was appellant's motion for summary judgment. A trial was had, and the judge found appellant had suffered no irreparable damage and had been deprived of no rights by the promulgation or distribution of the ordinance. Further the trial court found there was no evidence to sustain appellant's contention that he would be irreparable damaged in the future. Judgment was entered for the defendants-appellees.
 
 
 2
 On this appeal it is urged that appellant's motion for summary judgment should have been granted, and that the findings as to the absence of irreparable injury were erroneous.
 
 
 3
 As to the failure to grant the summary judgment, appellant recognizes in his brief that generally no appeal lies from the denial of such a motion, but urges that the circumstances here warrant an exception. Appellant through his motion for summary judgment sought a permanent injunction to prevent enforcement of the ordinance. No preliminary injunction was sought. Thus in the denial of the motion the trial court did not refuse an injunction, but only decided that there should be a trial on the merits. Morgenstern Chem. Co. v. Schering Corp., 181 F.2d 160 (3d Cir.); Division 689, Amalgamated Ass'n of Street Electric Ry. & Motor Coach Employees of America v. Capital Transit Co.,97 U.S.App.D.C. 4, 227 F.2d 19; 6 Moore, Federal Practice 2321. The denial was interlocutory but not within the meaning of 28 U.S.C. 1292(a)(1). The action proceeded to trial as above mentioned.
 
 
 4
 In the trial court's requirement that there be a showing of irreparable injury, we also find no error. The action was an ordinary injunction proceeding, and there is no reason why the usual requirements for granting such an extraordinary remedy should be dispensed with. The trial judge found that appellant had submitted no plans to the city officials for their approval within the period involved, and thus no plans of his have been rejected. Further there is no evidence of any threatened prosecution of appellant, because again he has taken no action. The ordinance provides that if the plans be submitted by one not permitted to do so, it shall be deemed that they were filed with fraudulent intent and shall be void. The penalty section provides for fines up to three hundred dollars and imprisonment not to exceed ninety days or both for violations of the ordinance. The record however does not show whether such penalty provisions apply to an unqualified person submitting plans in view of the declaration that the plans are void, but in any event there has been no action taken by appellant which would subject him to a penalty.
 
 
 5
 Jurisdiction is based on diversity, but there is clearly an absence or or insufficiency of grounds to grant the equitable relief sought. To entitle appellant to the relief sought, the injury incurred or impending under the circumstances here existing must be substantial and irreparable; it must be clear and imminent; Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; Beal v. Missouri Pacific R. Co., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; and it must be great and immediate; Spielman Motor Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322. Appellant urges that he might be subjected to criminal penalties, but the authorities relating to injunctions against the enforcement of criminal laws preclude the relief. The Supreme Court considered the matter at some length in Douglas v. Jeannette, in Beal v. Missouri Pacific R. Co., and in Spielman Motor Co. v. Dodge, all cited above, and concluded that ordinarily federal courts will not restrain state criminal actions and the imminence of such actions is not ground alone. In the Spielman case the allegation was that criminal proceedings would be instituted unless restrained, but the Court stated that there was ample opportunity for it to review the federal questions after the complainant sets up his defenses in the state court. The court in Porto Rico Tel. Co. v. Puerto Rico Commu. Authority, 189 F.2d 39 (1st Cir.), stated the same principles and cited Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368, 69 S.Ct. 606, 93 L.Ed. 741. We believe that the trial court here correctly applied the authorities. There is no showing in the record that the damages threatened the appellant are substantial and irreparable, and the injunction was properly denied.
 
 
 6
 Affirmed.