**Melvin TUCKER**

v.

**READING CO.**

v.

**ROYCE KERSHAW CO., Inc.**

Civ. A. No. 69–1603.

United States District Court,
E. D. Pennsylvania.

Sept. 10, 1971.

Milford J. Meyer, Philadelphia, Pa., for Melvin Tucker.

George E. Lieberman, Philadelphia, Pa., with him on the brief William J. Taylor and Morgan, Lewis & Bockius, Philadelphia, Pa., for Reading Co.

F. Hastings Griffin, Jr., Philadelphia, Pa., with him on the brief John F. Wilson, III, and Dechert, Price & Rhoads, Philadelphia, Pa. for Royce Kershaw.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Plaintiff, Melvin Tucker, was injured in the course of his employment with defendant Reading Company, and brought suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Reading sought to obtain indemnity under the contract from Royce Kershaw, manufacturer of the equipment involved, as well as contribution for concurrent negligence. The F.E.L.A. action was settled for $235,000.00. Royce Kershaw argued that it had not received sufficient notice under the contract to hold it liable for indemnity. This Court, on June 28, 1971, entered Summary Judgment in favor of Royce Kershaw and against Reading for both claims. On July 8, 1971, Reading filed motions pursuant to Rule 59, Fed.R.Civ.P., to vacate and amend judgment, with Royce Kershaw. The motions were filed with the Clerk of the Court on July 13, 1971. On July 26, 1971, Reading filed a notice of appeal.

The Court must now determine [1] if the appeal of Reading Company divests it of jurisdiction to consider the Rule 59 motion, or whether the filing of timely motions to vacate and amend rendered our summary judgment interlocutory, and, consequently, the appeal invalid.

Royce Kershaw argues that the filing of the appeal by Reading Company operates to divest this Court of jurisdiction. The principal authority cited for this is District 65, etc. v. McKague, 216 F.2d 153 (3rd Cir. 1954). The order appealed from there was a district court judgment, which the Court of Appeals dismissed on the ground that the order appealed from was not valid, and therefore untimely. The district court subsequently entered a Rule 54(b) order that there was no just reason for delay, and the circuit court held that the trial court

was without jurisdiction to enter such an order "since the appeal was pending in this court and the court below was without jurisdiction to enter any order which would affect the status of the appeal." Id. at 155.

We find more persuasive, however, the fact that in McKague the Court of Appeals was presented with only a portion of a case, and not the final adjudication of a claim. "[Rule 54(b)] attack[s] the problem of finality from the point of view of multiple claims rather than from that of multiple parties. Rule 54(b), in its present form, as construed by this court, requires that the imprimatur or stamp of finality be put upon any judgment entered by the trial court disposing of a cause of action by an express determination that there is no just reason for delay and by an express direction to enter judgment. Absent such action by the trial court the * * * judgment or order is not a final decision appealable within the purview of [the rule]." Id. (Emphasis in original).

In McKague, the appellants secured, contrary to the admonition of the appellate court, an order from the trial court that there existed "no reason * * * for delay in the entry of judgment of dismissal * * *." Id. The appellate court found that the trial court lacked jurisdiction to enter an order attempting to affect an appeal; but the circuit court had already ruled that the appeal had to be dismissed as the order appealed from was not a final one.

We find more persuasive the reasoning in Healy v. Pennsylvania R. Co., 181 F.2d 934 (3rd Cir. 1950). In Healy the court specifically found that "the District Court, when timely substantive motions are entertained and pending, has not lost jurisdiction, and it having the power to grant the motions, the judgment is not final for the purpose of appeal. The result is a consequence of the

---

[1]. Although no formal motion to consider our jurisdiction has been filed, counsel have agreed to treat a letter sent to the Court by counsel for Royce Kershaw seeking clarification of jurisdiction as a motion to that effect.

jurisdictional limitation upon the Courts of Appeals, that review may be had only of final decisions of the District Courts." *Id.* at 935–936. The court went on to state that its holding was "equally dispositive of the assertion that the taking of the appeal effectively destroyed the authority of the court below to proceed upon the motions otherwise properly before it. As stated in United States v. Crescent Amusement Co., * * * 323 U.S. [173] at pages 177–178, [65 S.Ct. [254] at page 257] [89 L.Ed. 160] * * * 'An appeal can hardly be premature (and therefore a nullity) here and yet not premature (and therefore binding) below.' " *Id.* at 936.

> "The rule that the taking of an appeal divests the district court of jurisdiction would seem to presuppose the taking of a valid appeal from an appealable order, but the cases are not in harmony. On the one hand, it seems firmly settled that an appeal that is premature because taken while a timely motion under Rules 50(b), 52(b) or 59 of the Federal Rules of Civil Procedure is pending does not divest the district court of jurisdiction. * * *"

9 Moore's Federal Practice, ¶ 203.11, at p. 736 (2d Ed.1970). (Footnotes omitted).

The *District 65* case stands for the proposition, said by Moore to be inconsistent with the general rule in this Circuit,[2] that an appeal invalid because the order appealed from disposes of fewer than all claims and does not contain a Rule 54(b) certification, divests the district court of jurisdiction. Our ruling effectively disposed of all of Reading's claims against Kershaw, so that even if *District 65* were consistent with the gen-

eral rulings of this Circuit, which it is not, it still would not apply.

Inasmuch as post-judgment motions timely filed render the judgment entered interlocutory, and therefore nonappealable, and in light of the fact that Reading's motions were timely filed, its appeal is a nullity and we properly retain jurisdiction of the motions for vacation or modification of judgment.

---

2. *Moore, supra,* fn. 14 at 736–737. To the extent that *District 65* is contrary to the usual position of this circuit, it stands alone. In Gaudiosi v. Mellon, 269 F.2d 873 (3rd Cir. 1959), the court held that "a timely post judgment motion under

Rule 52(b) deprives the judgment, for the time being at least, of its finality, and its immediate appealability." *Id.* at 876. Of course, a motion filed under Rule 59 would be similarly unaffected. See *Moore, supra* at 736.