**UNITED STATES of America, Plaintiff,**

v.

**Donald A. TURNER, Defendant.**

**Crim. A. No. 78–80240.**

United States District Court,
E. D. Michigan, S. D.

Nov. 28, 1979.

James K. Robinson, U. S. Atty., Detroit, Mich., for plaintiff.

Neil H. Fink, Detroit, Mich., for defendant.

### MEMORANDUM OPINION AND ORDER

JULIAN ABELE COOK, Jr., District Judge.

After a two week trial, the Defendant was found guilty by a petit jury of (1) conspiracy to possess with intent to distribute cocaine; (2) use of a communication facility to facilitate possession with intent to distribute and distribution of cocaine; and (3) aiding and abetting another to possess with intent to distribute cocaine. In an Opinion, dated June 8, 1979, the court granted the Defendant's Motion for New Trial in view of governmental misconduct, constituting, *inter alia*, a material misrepresentation made by Drug Enforcement Administration Special Agent Steven Gibbs regarding a leniency agreement struck between that Agent and counsel for the key Government witness, Jack Blanchard. *United States v. Turner*, 490 F.Supp. 583, 610 (E.D.Mich.1979).

After the Memorandum Opinion was entered, the Defendant filed a Motion to Dismiss the Indictment. In the Motion, Defendant claimed that retrial would place him twice in jeopardy, contrary to the dictates of Double Jeopardy Clause of the Fifth Amendment. The Motion was filed on July 18, 1979, and the Government filed papers in Opposition on July 26, 1979. Before the Court could conduct a hearing on the Motion and/or rule upon its merits, the Government filed a Petition for a Writ of Mandamus with the United States Court of Appeals for the Sixth Circuit on August 2, 1979. The Petition prayed the Court of Appeals to vacate the Order Granting a New Trial and reinstate the guilty verdict.

In view of the Petition pending in the Court of Appeals, this Court had serious doubts about the viability of its jurisdiction to hear and decide the Defendant's Motion regarding the issue of Double Jeopardy. It is well settled that a notice of appeal filed pursuant to Fed.R.App.P. 3(a) normally divests the District Court of jurisdiction.[1] Although the Court of Appeals is not vested with jurisdiction in the same manner in a Mandamus proceeding[2], this Court applied the same divestment principle pending a determination on the Petition for the Writ.[3]

On October 12, 1979, the United States Court of Appeals for the Sixth Circuit denied the Government's Petition for a Writ of Mandamus. The Defendant's Motion is now, therefore, properly before the Court.

The Defendant's contention is a simple one: Because the first trial was tainted by governmental misconduct, the Double Jeopardy Clause precludes retrial. The Government responds by asserting (1) the Defendant made a Motion for New Trial pursuant to Fed.R.Crim.P. 33 and has thereby waived Double Jeopardy claims; (2) the Supreme Court and the Sixth Circuit have explicitly addressed the contention of the Defendant and rejected it; and (3) the dismissal of an Indictment is a drastic remedy to be used only in the most extreme of circumstances and clearly not necessary here.

It seems very important to point out that unlike the cases relied upon by the Defendant, this case did not terminate prior to the return of a jury verdict. There was no mistrial, and there was no judicial termination of the proceedings which was favorable to the Defendant on a basis unrelated to his guilt or innocence. Rather, the Defendant was found guilty by the jury and, subsequently, the Court granted a new trial.

The Defendant invoked his statutory right to request a new trial under Fed.R. Crim.P. 33, and must live with his election to do so.

[T]o require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect. The common sense of the matter is most pithily, if not most elegantly, expressed in the words of Mr. Justice McLean on circuit in *United States v. Keen,* 26 F.Cas. p. 686 No. 15,510 (CC D. Ind. 1839). He vigorously rejected the view that the Double Jeopardy Clause prohibited any new trial after the setting aside of a judgment of conviction against the defendant or that it "guarantees to him the right of being hung, to protect him from the danger of a second trial." *Id.,* at 690.

*United States v. Scott,* 437 U.S. 82, 91–92, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978).

For purposes of analyzing Double Jeopardy consequences, the Court can make no distinction between invocation of appellate rights granted by statute and that right, granted by court rule (and hence by statute), to seek a new trial from the District Court. By moving for a New Trial, the Defendant is now precluded from arguing that the Double Jeopardy Clause will bar prosecution of the very trial he has sought and been granted. The Supreme Court has found that the election of the Defendant is critical in analyzing Double Jeopardy problems.[4] "[W]e conclude that the Double

---

1. *United States v. Hitchmon,* 587 F.2d 1357, 1359 (5th Cir. 1979); *United States v. Rumpf,* 576 F.2d 818 (10th Cir. 1978); *Keith v. Newcourt,* 530 F.2d 826 (8th Cir. 1976); *Ruby v. Secretary United States Navy,* 365 F.2d 385 (9th Cir. 1966); *Williams v. Bernhardt Bro. Tugboat Serv. Inc.,* 357 F.2d 883 (7th Cir. 1966); *Keohane v. Swarco, Inc.* 320 F.2d 429 (6th Cir. 1963); *District 65 Distrib., Processing & Office Workers Union v. McKague,* 216 F.2d 153 (3rd Cir. 1954); 9 Moore's Federal Practice " 203.11 (1977).

2. 9 Moore's Federal Practice " 110.26 & .28.

3. *See* 55 C.J.S. *Mandamus* § 367 at 635 & n.6 (1948).

4. The Court has even gone so far as to hold that when the Defendant elects to terminate the trial on grounds unrelated to guilt or innocence, he subjects himself to the possibility of reprosecution. *United States v. Scott,* 437 U.S. at 98–99, 98 S.Ct. 2187. In so ruling, the Court overruled *United States v. Jenkins,* 420 U.S.

Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *United States v. Scott,* 437 U.S. at 99, 98 S.Ct. at 2198.

Notwithstanding the effect of the Defendant's making a rule 33 Motion, there is more explicit authority relating to the question of the Double Jeopardy Clause being a bar to a second trial when the first trial has been set aside because of governmental misconduct. In dicta, the Supreme Court has said that an appeal on any ground, other than insufficiency of the evidence to support the verdict, does not bar further prosecution on the same charge. *Burks v. United States,* 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). See also *United States v. Scott,* 437 U.S. at 91, 98 S.Ct. 2187. Indeed, governmental misconduct was specifically identified by the *Burks* Court as one example of such a ground. *Burks v. United States,* 437 U.S. at 15, 98 S.Ct. 2141.

The very contention which has been made by the Defendant in the instant cause was recently raised, and explicitly rejected by the Sixth Circuit in *Gully v. Kunzman,* 592 F.2d 283, 289 (6th Cir. 1979).

> [Petitioner] argues that the State should be barred from retrying him because its own misconduct led to the reversal of his first conviction. Even accepting that characterization of the trial error which caused the appellate reversal, it would not affect the State's right to retry him. *See Burks v. United States, supra.* His attempt to analogize his situation to cases where retrial has followed a mistrial provoked by prosecutorial misconduct is unavailing. In such cases, retrial is disapproved principally because the the misconduct resulting in a mistrial has deprived the defendant of "[the] valued right to have his trial completed by a particular tribunal."

The Defendant asks the Court to make this same analogy to cases founded upon a

rationale (the right to have the first tribunal reach the merits of the case) that is simply not applicable here. *See United States v. Scott,* 437 U.S. at 99–100, 98 S.Ct. 2187; *United States v. Jorn,* 400 U.S. 470, 484, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (plurality opinion of Harlan, J.).

The Government further argues that dismissal of an Indictment "is so drastic that especially where serious criminal conduct is involved, it must be reserved for truly extreme cases." *United States v. Broward,* 594 F.2d 345, 351 (2nd Cir. 1979). However, given that there is no infirmity under the Double Jeopardy Clause to trying the Defendant a second time, when the Defendant has requested and obtained a new trial in view of governmental misconduct, there is no need to discuss in what context dismissal of an Indictment would be appropriate.

The Motion is denied.

---

358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). The Court's present sentiments regarding Double Jeopardy problems in the difficult context of termination of proceedings before the jury has a chance to pass upon the merits of the case,

certainly would seem to preclude a serious contention of there being Double Jeopardy problems in this context where a guilty verdict was entered and then set aside at the Defendant's request.